IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> TP-LINK TECHNOLOGY CO., LTD, <br><br> Defendant. | CASE NO. 6:20-cv-01012 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

### I.   NATURE OF ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2. Brazos is the owner of all rights, title, and interest in and to US Patent No. 7,174,180 (the "'180 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3. Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II. THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the Asserted Patent, defined below.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

4

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 7,174,180**

16. Brazos re-alleges and incorporates by reference the preceding paragraphs 1-15 of this Complaint.

17. On February 6, 2007, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 7,174,180, entitled "Methods and apparatus for transmission scheduling in wireless networks."

18. Brazos is the owner of all rights, title, and interest in and to the '180 Patent, including the right to assert all causes of action arising under the '180 Patent and the right to any remedies for the infringement of the '180 Patent.

19. For example, claim 20 of the '180 Patent states:

   A method of data transmission to a selected at least one of a plurality of remote mobile units, comprising the steps of:

   computing a scheduling priority for each mobile unit, the computation of the scheduling priority being based at least in part on the delay sensitivity of one or more data streams serving the mobile unit and the delay experienced by the one or more data streams serving the mobile unit; and

   selecting for service from among the plurality of mobile units the mobile unit having the highest scheduling priority, wherein the step of computing the scheduling priority includes the steps of:

   computing an urgency value for each data stream serving each mobile unit, the data stream urgency value for a data stream being computed based on the sensitivity to delay of the data stream and the delay currently experienced by the data stream; and

   assigning a unit urgency value to the unit, the unit urgency value being the highest data stream urgency value for the data streams serving the unit.

20. TP-Link's Accused Products meet every limitation of claim 20 of the '180 Patent, as well as other claims of the '180 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable

5

Modems, wireless routers, ADSL, range extenders, routers and switches, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that use features to provide data transmission and device priority to mobile units, including but not limited to TP-Link AX11000 Next Gen Tri-Band Gaming Router and products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products provide features (e.g., Gamer Accelerator) that automatically detect and optimize gaming streams to mobile units (i.e., data transmission to a selected at least one of a plurality of remote mobile units).

24. For example, "Game Accelerator is used to reduce game latency and boost game speed. It automatically detects and optimizes gaming streams, to ensure your gaming stays immersive, and keep you [sic] network as fast as your reaction speed."[1]

25. The Accused Products provide features (e.g., QoS) for prioritization of data transmission. For example, when users switch to gaming mode in the QoS setting, the AX11000 will prioritize gaming applications for optimal gaming performance.

26. For example, "QoS (Quality of Service) allows you to prioritize the internet traffic of specific online activities, such as gaming or streaming. Activities set as high priority will be allocated more bandwidth and so continue to run smoothly even when there is heavy traffic on the network. You can also prioritize the connection of specific devices for a set duration."[2]

---

[1] https://static.tp-link.com/2020/202001/20200114/1910012698_Archer%20AX11000_UG_REV1.1.1.pdf at 104.
[2] https://static.tp-link.com/2020/202001/20200114/1910012698_Archer%20AX11000_UG_REV1.1.1.pdf at 46.

27. The Accused Products calculate the delay experienced by the data streams. For example, if the delay experienced is more than the delay sensitivity of the gaming device, the Accused Products automatically detect the lag and optimize gaming streams to reduce latency and boost speed for particular units as compared to other units.

28. The Accused Products also provide users the ability to prioritize a unit (e.g., gaming/non-gaming) as compared to other units to have a lag-free data service for a duration.

29. TP-Link instructs users of the Accused Products about how to prioritize a device, as follows:



[3]

30. The Accused Products compute an urgency value for each data stream serving each mobile unit, the data stream urgency value for a data stream being computed based on the sensitivity to delay of the data stream, and the delay currently experienced by the data stream.

---

[3] https://static.tp-link.com/2020/202001/20200114/1910012698_Archer%20AX11000_UG_REV1.1.1.pdf

31.     For example, the Accused Products provide features (e.g., QoS) that assign high priority to packets for applications that are delay-sensitive and, similarly, low priority to packets for applications that tolerate some delay. These features ensure an efficient operation for data transmission for different applications.

32.     TP-Link instructs its users regarding the different priorities as follows:

> **Data 0 (Voice)**—Highest priority queue, minimum delay. Time-sensitive data such as VoIP and streaming media are automatically sent to this queue.
>
> **Data 1 (Video)**—High priority queue, minimum delay. Time-sensitive video data is automatically sent to this queue.
>
> **Data 2 (Best Effort)**—Medium priority queue, medium throughput and delay. Most traditional IP data is sent to this queue.
>
> **Data 3 (Background)**—Lowest priority queue, high throughput. Bulk data that requires maximum throughput and is not time-sensitive is sent to this queue (FTP data, for example).

[4]

33.     The Accused Products provide an option to prioritize the traffic among different applications, such as gaming, streaming, surfing, chatting, etc. For example, delay sensitive applications, such as gaming applications, are prioritized.

34.     TP-Link instructs users on how to choose an online activity to prioritize it on the network:

---

[4] https://static.tp-link.com/1910012206_EAP%20Controller_V2.4.8_UG.pdf


[5]

35.     The Accused Products comprise assigning a unit urgency value to the unit, the unit urgency value being the highest data stream urgency value for the data streams serving the unit.

36.     For example, the TP-Link AX11000 Next Gen Tri-Band Gaming Router provides features (e.g., Game Accelerator) that automatically detect and optimize gaming streams to gaming devices (i.e., assigning a unit urgency value to the unit).  These features allow the TP-Link AX11000 Next Gen Tri-Band Gaming Router to prioritize gaming devices over other devices.

37.     TP-Link has received notice and actual or constructive knowledge of its infringement of the '180 Patent no later than the date of service of this Complaint.

38.     Since at least the date of service of this Complaint, through its actions, TP-Link has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '180 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such

---

[5] https://static.tp-link.com/2020/202001/20200114/1910012698_Archer%20AX11000_UG_REV1.1.1.pdf

advertising, promoting, and/or instructing include web advertising,[6] user guides,[7] and support forum postings.[8]

39. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '180 Patent. TP-Link's inducement is ongoing.

40. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '180 Patent in an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

41. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

42. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '180 Patent.

### IV.   JURY DEMAND

43. Plaintiff Brazos hereby demands a jury on all issues so triable.

### V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '180 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '180 Patent;

---

[6] https://www.tp-link.com/us/home-networking/wifi-router/archer-ax11000/.
[7] https://static.tp-link.com/2020/202001/20200114/1910012698_Archer%20AX11000_UG_REV1.1.1.pdf.
[8] https://community.tp-link.com/en/home/forum/topic/177892.

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '180 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '180 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020               Respectfully submitted,

                                      By:   /s/ Raymond W. Mort, III
                                            Raymond W. Mort, III
                                            Texas State Bar No. 00791308
                                            **THE MORT LAW FIRM, PLLC**
                                            100 Congress Avenue
                                            Suite 2000
                                            Austin, Texas 78701
                                            Tel/Fax: (512) 677-6825
                                            Email: raymort@austinlaw.com

                                            Adam G. Price
                                            Texas State Bar No. 24027750
                                            Christopher V. Goodpastor
                                            Texas State Bar No. 00791991
                                            Gregory S. Donahue
                                            Texas State Bar No. 24012539

**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**