**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| § | Case No. 6:20-cv-01012 |
| § | Case No. 6:20-cv-01013 |
| § | Case No. 6:20-cv-01014 |
| § | Case No. 6:20-cv-01015 |
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, § | Case No. 6:20-cv-01016 |
| § | Case No. 6:20-cv-01017 |
| Plaintiff, § | Case No. 6:20-cv-01018 |
| § | Case No. 6:20-cv-01019 |
| v. § | Case No. 6:20-cv-01020 |
| TP-LINK TECHNOLOGY CO., LTD, § | Case No. 6:20-cv-01021 |
| § | Case No. 6:20-cv-01022 |
| Defendant. § | |
| § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff or "Brazos"), files this Motion and respectfully seeks leave to serve the summons and complaint on Defendant TP-Link Technology Co. Ltd. ("TP-Link") through its U.S. Counsel and/or on its U.S. subsidiary as follows:

**I.      BACKGROUND**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a Delaware limited liability corporation organized with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701. D.I. 1 at 2.

1

Defendant TP-Link Technology Co. Ltd. is a Chinese corporation with a principal place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China. On information and belief, Defendant acts in concert to design, manufacture, sell, offer for sale, import, distribute, advertise, and/or otherwise promote the accused infringing products in the United States, the State of Texas, and this judicial district. *Id.* at 2,4.

On October 31, 2020, Plaintiff filed a complaint in this Court alleging claims for patent infringement against Defendant. *Id.* Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing previous U.S. counsel for Defendant: Mr. Stephen R. Smerek, ssmerek@foley.com and Ms. Tiffany K. Sung, tsung@foley.com. Messrs. Smerek and Sung represented Defendant in the United States as recently as April 23, 2020 and are members of the Foley & Lardner LLP law firm. *See* Exhibit A, Notices of Attorney Appearance. Plaintiff also respectfully requests, as an additional method, or in the alternative, for leave to effect service upon Defendants through TP-Link's U.S. subsidiary TP-Link USA Corporation, 145 S. State College Blvd. Suite 400, Brea, California 92821.

## II.    EVIDENCE

Plaintiff attaches as Exhibit A, Notice of Appearance of Stephen R. Smerek and Notice of Appearance of Tiffany K. Sung, both executed on March 6, 2020, by Messrs. Smerek and Sung, attorneys with Foley & Lardner LLP in *American Patents LLC v. TP-Link Technologies, Co. Ltd.*, Case No. 4:19-cv-765 (E.D.T.X.).

Plaintiff attaches Exhibit B, TP-Link's U.S. subsidiary's Contact US page showing its address in California. *See* Exh. B (https://www.tp-link.com/us/about-us/contact/).

### III.    LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), serving a domestic or foreign corporation, or a partnership or other unincorporated incorporation "at a place not within any judicial district of the United States" must be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). "Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service." Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 1, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd*., No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13 (citing *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). Id. at 2 (citing *Rio Properties, Inc*., 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end, the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Additionally, district courts have routinely

allowed alternative service upon foreign corporations to be accomplished by serving a United States subsidiary or affiliate of a foreign entity.[1]

## IV.   ARGUMENT AND AUTHORITIES

### A.   Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendants using the following method: via email on Mr. Stephen R. Smerek, ssmerek@foley.com and Ms. Tiffany K. Sung, tsung@foley.com. These individuals represented Defendant in the United States as recently as April 23, 2020 and are members of the Foley & Lardner LLP law firm.

Plaintiff, either in the alternative or as an additional means of service, seeks to serve TP-Link's U.S. subsidiary by a known mail delivery provider with signature and return of receipt, such as Federal Express.

In the present case, either of Plaintiff's requested methods of service, on their own, is sufficient to satisfy due process. Together, the methods will be more than sufficient to (more than) reasonably inform TP-Link of this action and to provide an opportunity to defend against it.

### B.   Alternative service of process is justified for Defendants.

Defendant is an entity organized and existing under foreign laws: TP-Link Technology Co. Ltd. D.I. 1 at 2. The Hague Convention—nor any other international agreement—does not prohibit service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on

---

[1] See, e.g., *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

Furthermore, serving Defendants through alterative means is justified because the proposed method "will provide reasonable notice and an opportunity to be heard." Id. at 3 (citing *Affinity Labs of Texas, LLC v. Nissan North America, Inc.*, No. WA:13-CV- 369, 2014 WL 1132502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314)). Several courts, including this Court, have permitted effecting service of process upon companies via email. In *Terrestrial Comms LLC v. NEC Corporation*, this Court reasoned that email service upon counsel for NEC Corporation was authorized because "[d]istrict courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *See Terrestrial Comms LLC v. NEC Corporation*, 20-cv-0096 (ADA) (W.D. Tex. June 24, 2020), Dkt. 15 at p. 6. The Court further explained the key analysis to consider was whether the defendant is reasonably certain to be informed of the pending lawsuits so that it can present its objections and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id.* at 7-8; *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of foreign company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. Counsel of foreign company); *Alu, Inc. v. Kupo Co.,* No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a foreign corporation). Email is not only a permissible means

of alternative service but has been considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign defendant. *Rio Properties, Inc.*, 284 F.3d at 1018.

In the present case, Messrs. Coyle, Higgins, Benson, Johnson, and Wang, currently represent Defendants with respect to cases filed against Defendants in the United States. Emailing Mr. Schnurer, Mr. Patariu, and Ms. Lu will thus apprise Defendants of this action—satisfying Rule 4(f)(3). Accordingly, alternative service of process on Defendants is justified.

Further, TP-Link operates in the United States through a California-based subsidiary named TP-Link USA Corporation. *See* Exhibit B (website for TP-Link's U.S. subsidiary and location). Because court-ordered service on the foreign defendant may be, and is regularly, made on Defendant's domestic subsidiaries, Plaintiff should also be allowed to serve TP-Link by effectuating service on TP-Link's US subsidiary located in California as it will meet the constitutional threshold of due process and satisfy rule 4(f)(3). *See* Affinity Labs, 2014 WL 11342502, at *4; *see also* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2-3, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv- 00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on Defendant TP-Link Technology Co. Ltd. through (1) e-mail upon U.S. counsel for Defendants and/or (2) through service on TP-Link's U.S. subsidiary pursuant to Rule 4(f)(3).

Dated: November 9, 2020                    Respectfully submitted,


                                           By:     /s/ *Raymond W. Mort, III*
                                                   Raymond W. Mort, III
                                                   Texas State Bar No. 00791308
                                                   **THE MORT LAW FIRM, PLLC**
                                                   100 Congress Avenue
                                                   Suite 2000
                                                   Austin, Texas 78701
                                                   Tel/Fax: (512) 677-6825
                                                   Email: raymort@austinlaw.com

                                                   Adam G. Price
                                                   Texas State Bar No. 24027750
                                                   Christopher V. Goodpastor
                                                   Texas State Bar No. 00791991
                                                   Gregory S. Donahue
                                                   Texas State Bar No. 24012539
                                                   **DINOVO PRICE LLP**
                                                   7000 N. MoPac Expressway
                                                   Suite 350
                                                   Austin, Texas 78731
                                                   Telephone: (512) 539-2626
                                                   Facsimile: (512) 539-2627
                                                   Email: aprice@dinovoprice.com
                                                   cgoodpastor@dinovoprice.com
                                                   gdonahue@dinovoprice.com

                                                   **ATTORNEYS FOR PLAINTIFF WSOU
                                                   INVESTMENTS, LLC D/B/A BRAZOS
                                                   LICENSING AND DEVELOPMENT**