# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA |
| Plaintiff, | Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA |
| v. | Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA |
| TP-LINK TECHNOLOGY CO., LTD., | Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA |
| Defendant. | Civil Action No. 6:20-cv-1022-ADA |
| | **JURY TRIAL DEMANDED** |

**TP-LINK TECHNOLOGIES CO., LTD.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
JURISDICTIONAL INTERROGATORY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant TP-Link Technologies Co., Ltd. ("TP-Link China"), by and through its counsel, hereby provides the following objections and responses to Plaintiff WSOU Investments, LLC, d/b/a Brazos Licensing and Development ("WSOU"). The objections and responses are made in accordance with the Federal Rules of Civil Procedure and are based upon information presently available to TP-Link China. These objections and responses are without prejudice to TP-Link China's right to use or rely on subsequently discovered information.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant TP-Link China makes the following general objections, whether or not separately set forth in response to each and every instruction, definition, and interrogatory made by Plaintiff.

1.      TP-Link China objects to each Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client and common interest privileges, the attorney work-product doctrine, the laws governing trade secrets and proprietary business information, that was prepared in anticipation of litigation, and/or that is otherwise privileged, protected or immune from discovery for any reason whatsoever. TP-Link China and its attorneys hereby assert all such applicable privileges, protections and immunities.

2.      TP-Link China objects to the Interrogatories to the extent they attempt to impose any obligation upon it beyond the obligations imposed by the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Western District of Texas (the "Local Rules" and, together with the Federal Rules, the "Rules of Civil Procedure"). Any objections or responses to these Interrogatories are without prejudice to this objection.

3.      TP-Link China objects to each and every Interrogatory to the extent it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. By responding to these Interrogatories, TP-Link China does not waive any right to challenge the relevance or admissibility of any document produced responsive hereto.

4.      TP-Link China objects to each and every Interrogatory to the extent it seeks information which is already within the possession, custody or control of Plaintiff, on the grounds that such Interrogatories are unduly burdensome and oppressive.

5.      TP-Link China objects to each and every Interrogatory to the extent that it seeks information not in the possession, custody, or control of TP-Link China..

6.      TP-Link China objects to each Interrogatory to the extent that providing a response to the Interrogatory in light of Plaintiff's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and/or extraordinary expense to TP-Link China.

7.      TP-Link China objects to each and every Interrogatory to the extent that it is vague, unintelligible, and/or susceptible to various interpretations, such that TP-Link China is unable to discern its meaning and/or respond.

8.      TP-Link China objects to each and every Interrogatory to the extent it seeks discovery of information subject to a confidentiality claim of a third-party. To the extent that any such information may be provided, the provision will occur only pursuant to an acceptable protective order and only to the extent TP-Link China can do so consistent with its legal and contractual obligations. TP-Link China will only produce documents or provide information that TP-Link China, any party, or any third party deems to embody material that is private, confidential, commercially sensitive, proprietary, trade secret or otherwise protected from disclosure pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence pursuant to a protective order to be entered by the Court governing the disclosure and use of such information.

9.      TP-Link China objects to the definition of "you", "your", "Defendant", and "TP-Link China" as overbroad and unduly burdensome to the extent it includes "any present or former officer, director, employee, agent, attorney, or other representative acting on its behalf, … any predecessor, successor, parent, subsidiary, controlled, or affiliated companies, and any person or company assisting by agreement or otherwise in this lawsuit, and their agents, officers, employees,

representatives, and attorneys."   TP-Link China will construe these terms to mean "TP-Link Technologies Co., Ltd. 联洲技术有限公司".

10.     TP-Link China objects to the Interrogatories to the extent they assume disputed facts or legal conclusions in defining the information and documents requested. TP-Link China denies any such disputed facts or legal conclusions. Any information provided, or documents produced, by TP-Link China with respect to the Interrogatories is without prejudice to this objection.

11.     TP-Link China objects to the Requests to the extent they are overbroad, unduly burdensome and oppressive, and that the burden or expense of producing information and documents in response to the Requests outweighs the likely benefit, taking into account the factors listed in Fed. R. Civ. P. 26(b)(2)(iii), or that the information or documents sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

12.     TP-Link China objects to Plaintiff's definition of "refer to," "relate to," "relating," "relates," as overly broad, vague, ambiguous, and unintelligible, require subjective judgment on the part of TP-Link China and its attorneys, and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine.

13.     TP-Link China objects to each Interrogatory to the extent it is duplicative or cumulative of another Interrogatory.

14.     TP-Link China objects to the Interrogatories to the extent they seek discovery of information prepared after the date it received notice of Plaintiff's claim of infringement.

15.     TP-Link China objects to Plaintiff's definition of "Document" to the extent it seeks to define that term more broadly than that term is defined under the Federal Rules of Civil Procedure. TP-Link China shall construe the term in a manner consistent with said Rules.

16.     TP-Link China specifically incorporates herein by reference the objections set forth in TP-Link China's Objections and Responses to Plaintiff's First Set of Document Requests (Nos. 1-10).

17.     TP Link's objections and responses to these Interrogatories are based on its present knowledge, information, belief and ongoing investigations. TP-Link China reserves the right to supplement or amend its objections and responses upon discovery of additional documents and things.

## OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify when and the manner in which TP-Link (China) first became aware of the complaints in the present cases.

### RESPONSE TO INTERROGATORY NO. 1:

TP-Link China objects to this Interrogatory because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request solely for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

TP-Link China further objects to this Interrogatory as overly broad and unduly burdensome.

TP-Link China objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, and/or other applicable privileges or immunities.

TP-Link China objects to this Interrogatory on the ground that it is vague and ambiguous, i.e., "first aware" is undefined and subject to multiple interpretations.

Subject to the foregoing specific and General objections, TP-Link China responds as follows: TP-Link China received an email on or about November 2, 2020 from ssmerek@foley.com, which is the email address of Mr. Stephen Smerek at Foley & Lardner. This email attached copies (in PDF file format) of the complaints in the present cases, and also, a list of the patent numbers in the present cases (but not the actual patents). TP-Link China did not receive the summons for the present cases.

**INTERROGATORY NO. 2:**

Identify the date and manner in which TP-Link (China) received the summons and complaints for the present cases.

**RESPONSE TO INTERROGATORY NO. 2:**

TP-Link China objects to this request to this Request as being duplicative over Interrogatory No. 1.

TP-Link China incorporates by reference and in its entirety the objections and response from Interrogatory No. 1, and further adds, subject to the specific and General Objections, that it did not receive the summons for the present cases.

**INTERROGATORY NO. 3:**

Identify the date and manner in which TP-Link (China) became aware of or received the Patents-in-Suit.

**RESPONSE TO INTERROGATORY NO. 3:**

TP-Link China objects to this request to this Request as being duplicative over Interrogatory Nos. 1 - 2.

TP-Link China incorporates by reference and in its entirety the objections and response from Interrogatory No. 1.

**INTERROGATORY NO. 4:**

Is TP-Link (US) a subsidiary of TP-Link (China)?

**RESPONSE TO INTERROGATORY NO. 4:**

TP-Link China objects to this Interrogatory because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request solely for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

Subject to the foregoing specific and General Objections, TP-Link China responds as follows: TP-Link (US) is not a subsidiary of TP-Link China.

**INTERROGATORY NO. 5:**

Did TP-Link (China) receive a copy of the summons and complaint for the present cases from TP-Link (US)?

**RESPONSE TO INTERROGATORY NO. 5:**

TP-Link China objects to this Interrogatory because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request solely for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

TP-Link China further objects to this Interrogatory as overly broad and unduly burdensome.

TP-Link China objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, and/or other applicable privileges or immunities.

Subject to the foregoing specific and General Objections, TP-Link China responds as follows: TP-Link China did not receive a copy of the summons and complaints for the present cases from TP-Link (US).

**INTERROGATORY NO. 6:**

If the answer to Interrogatory No. 5 is yes, what date did TP-Link (China) receive the summons and complaint from TP-Link (US)?

**RESPONSE TO INTERROGATORY NO. 6:**

No response is required.

**INTERROGATORY NO. 7:**

Did TP-Link (China) receive a copy of the summons and complaint from anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com)?

**RESPONSE TO INTERROGATORY NO. 7:**

TP-Link China objects to this request to this Request as being duplicative over Interrogatory No. 1.

TP-Link China incorporates by reference and in its entirety the objections and response from Interrogatory No. 1.

**INTERROGATORY NO. 8:**

If the answer to Interrogatory No. 7 is yes, what date did TP-Link (China) receive the summons and complaint from anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com)?

**RESPONSE TO INTERROGATORY NO. 8:**

TP-Link China objects to this request to this Request as being duplicative over Interrogatory Nos. 1 and 7.

TP-Link China incorporates by reference and in its entirety the objections and response from Interrogatory No. 1.

**INTERROGATORY NO. 9:**

If the answer to Interrogatory No. 7 is yes, identify the person that provided the summons and complaint to TP-Link (China).

**RESPONSE TO INTERROGATORY NO. 9:**

TP-Link China objects to this request to this Request as being duplicative over Interrogatory Nos. 1 and 7.

TP-Link China incorporates by reference and in its entirety the objections and response from Interrogatory No. 1.

**INTERROGATORY NO. 10:**

Has TP-Link (China) had an attorney-client relationship with anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) since December 6, 2020?

**RESPONSE TO INTERROGATORY NO. 10:**

TP-Link China objects to this Interrogatory because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request solely for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

TP-Link China further objects to this Interrogatory as overly broad and unduly burdensome.

TP-Link China objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, and/or other applicable privileges, immunities or confidentiality claims.

TP-Link China objects to this Interrogatory on the ground that it is vague and ambiguous, i.e., "attorney-client relationship" is undefined and subject to multiple interpretations.

Subject to the foregoing specific and General Objections, TP-Link China responds as follows: Mr. Stephen Smerek and Ms. Tiffany Sung (and their law firm Foley & Lardner) represented TP-Link China in <u>American Patents LLC v. TP-Link Technologies Co., Ltd.</u>, Civil Action No. 4:19-cv-00765-ALM (E.D.T.X.). That case was dismissed on August 10, 2020. Mr.

Smerek and no one else at Foley & Lardner has represented TP-Link China since December 6, 2020.

Dated: January 28, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
    John T Johnson (admitted *pro hac vice*)
    jjohnson@fr.com
    Jeffrey C. Mok (admitted *pro hac vice*)
    jmok@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291

    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

**COUNSEL FOR DEFENDANT,**
**TP-LINK TECHNOLOGIES CO., LTD.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically on January 28, 2021 to all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| | § | Case No. 6:20-cv-01012 |
| | § | Case No. 6:20-cv-01013 |
| | § | Case No. 6:20-cv-01014 |
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § | Case No. 6:20-cv-01015 |
| | § | Case No. 6:20-cv-01016 |
| Plaintiff, | § | Case No. 6:20-cv-01017 |
| | § | Case No. 6:20-cv-01018 |
| v. | § | Case No. 6:20-cv-01019 |
| TP-LINK TECHNOLOGY CO., LTD, | § | Case No. 6:20-cv-01020 |
| | § | Case No. 6:20-cv-01021 |
| Defendant. | § | Case No. 6:20-cv-01022 |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |

**PLAINTIFF FIRST SET OF
<u>JURISDICTIONAL INTERROGATORIES TO DEFENDANT</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff WSOU

INVESTMENTS, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or

"Brazos") hereby serves this First Set of Common Interrogatories on Defendant TP-

Link Technology Co., Ltd. ("TP-Link") and requests that each be answered under

oath, and that responses be served upon counsel for Plaintiff no later than thirty (30)

days of service hereof.

## I.   DEFINITIONS

1.      "Patents-in-Suit" shall refer to the following U.S. Patents: 6,581,121, 7,174,180, 7,333,770, 7,447,767, 7,652,988, 7,751,423, 7,965,726, 8,094,726, 8,094,573, 8199,636, 8,451,839, 8,774,790, 9,226,305, and 9,548,977.

2.      The "present cases" shall refer to the following cases between Plaintiff and Defendant filed in the Western District of Texas, Waco Division, on October 31, 2021: Case Nos. 6:20-cv-01012, 6:20-cv-01013, 6:20-cv-01014, 6:20-cv-01015, 6:20-cv-01016, 6:20-cv-01017, 6:20-cv-01018, 6:20-cv-01019, 6:20-cv-01020, 6:20-cv-01021, and 6:20-cv-01022.

3.      "TP-Link (China)" shall refer to Defendant, TP-Link Technology Co. Ltd., and TP-Link Technologies Co., Ltd. ( 联洲技术有限公司).

4.      "TP-Link (US)" shall refer to TP-Link USA Corporation.

## II.   INTERROGATORIES

1.      Identify when and the manner in which TP-Link (China) first became aware of the complaints in the present cases.

2.      Identify the date and manner in which TP-Link (China) received the summons and complaints for the present cases.

3.      Identify the date and manner in which TP-Link (China) became aware of or received the Patents-in-Suit.

4.      Is TP-Link (US) a subsidiary of TP-Link (China)?

5.      Did TP-Link (China) receive a copy of the summons and complaint for the present cases from TP-Link (US)?

6.      If the answer to Interrogatory No. 5 is yes, what date did TP-Link (China) receive the summons and complaint from TP-Link (US)?

7.      Did TP-Link (China) receive a copy of the summons and complaint from anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com)?

8.      If the answer to Interrogatory No. 7 is yes, what date did TP-Link (China) receive the summons and complaint from anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com)?

9. If the answer to Interrogatory No. 7 is yes, identify the person that provided the summons and complaint to TP-Link (China).

10. Has TP-Link (China) had an attorney-client relationship with anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) since December 6, 2020?

Dated: January 8, 2021                      Respectfully submitted,

                          By:    */s/ Raymond W. Mort, III*
                                 Raymond W. Mort, III
                                 Texas State Bar No. 00791308
                                 THE MORT LAW FIRM, PLLC
                                 100 Congress Avenue
                                 Suite 2000
                                 Austin, Texas 78701
                                 Tel/Fax: (512) 677-6825
                                 Email: raymort@austinlaw.com

                                 Adam G. Price
                                 Texas State Bar No. 24027750
                                 Christopher V. Goodpastor
                                 Texas State Bar No. 00791991
                                 Gregory S. Donahue
                                 Texas State Bar No. 24012539
                                 DINOVO PRICE LLP
                                 7000 N. MoPac Expressway
                                 Suite 350
                                 Austin, Texas 78731
                                 Telephone: (512) 539-2626
                                 Facsimile: (512) 539-2627
                                 Email: aprice@dinovoprice.com
                                 cgoodpastor@dinovoprice.com
                                 gdonahue@dinovoprice.com

                                 **ATTORNEYS FOR PLAINTIFF**
                                 **WSOU INVESTMENTS, LLC d/b/a**
                                 **BRAZOS LICENSING AND**
                                 **DEVELOPMENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day of January 2021, I served the foregoing to all counsel of record via email.

_/s/ Raymond W. Mort, III_
Raymond W. Mort, III