# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

## TP-LINK TECHNOLOGIES CO., LTD.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant TP-Link Technologies Co., Ltd. ("TP-Link China"), by and through its counsel, hereby provides the following objections and responses to Plaintiff WSOU Investments, LLC, d/b/a Brazos Licensing and Development ("WSOU"). The objections and responses are made in accordance with the Federal Rules of Civil Procedure and are based upon information presently available to TP-Link China. These objections and responses are without prejudice to TP-Link China's right to use or rely on subsequently discovered information.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Defendant TP-Link China makes the following general objections, whether or not separately set forth in response to each and every instruction, definition, and production request made by Plaintiff.

1. TP-Link China objects to each Request to the extent it calls for the disclosure of information protected by the attorney-client and common interest privileges, the attorney work-product doctrine, the laws governing trade secrets and proprietary business information, that was prepared in anticipation of litigation, and/or that is otherwise privileged, protected or immune from discovery for any reason whatsoever. TP-Link China and its attorneys hereby assert all such applicable privileges, protections and immunities.

2. TP-Link China objects to the Requests to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Western District of Texas (the "Local Rules" and, together with the Federal Rules, the "Rules of Civil Procedure"). Any objections or responses made, or any information or documents produced, in response to these Requests are without prejudice to this objection.

3. TP-Link China objects to each and every Request to the extent it calls for information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. By responding to these Requests, TP-Link China does not waive any right to challenge the relevance or admissibility of any document produced responsive hereto.

4. TP-Link China objects to each and every Request to the extent it seeks information which is already within the possession, custody or control of Plaintiff, on the grounds that such Requests are unduly burdensome and oppressive.

5. TP-Link China objects to the Requests to the extent they seek the disclosure of information and documents not in the possession, custody or control of TP-Link China.

6. TP-Link China objects to each Request to the extent that providing a response to the Request in light of Plaintiff's instructions and definitions, or lack thereof, would cause unreasonable annoyance, harassment, oppression, undue burden, and/or extraordinary expense to TP-Link China.

7. TP-Link China objects to each and every Request to the extent that it is vague, unintelligible, and/or susceptible to various interpretations, such that TP-Link China is unable to discern its meaning and/or respond.

8. TP-Link China objects to each and every Request to the extent it seeks discovery of information subject to a confidentiality claim of a third-party. To the extent that any such information may be provided, the provision will occur only pursuant to an acceptable protective order and only to the extent TP-Link China can do so consistent with its legal and contractual obligations. TP-Link China will only produce documents or provide information that TP-Link China, any party, or any third party deems to embody material that is private, confidential, commercially sensitive, proprietary, trade secret or otherwise protected from disclosure pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence pursuant to a protective order to be entered by the Court governing the disclosure and use of such information.

9. TP-Link China objects to the definition of "you", "your", "Defendant", and "TP-Link China" as overbroad and unduly burdensome to the extent it includes "any present or former officer, director, employee, agent, attorney, or other representative acting on its behalf, … any predecessor, successor, parent, subsidiary, controlled, or affiliated companies, and any person or company assisting by agreement or otherwise in this lawsuit, and their agents, officers, employees,

representatives, and attorneys." TP-Link China will construe these terms to mean "TP-Link Technologies Co., Ltd. 联洲技术有限公司".

10. TP-Link China objects to the Requests to the extent they assume disputed facts or legal conclusions in defining the information and documents requested. TP-Link China denies any such disputed facts or legal conclusions. Any information provided, or documents produced, by TP-Link China with respect to the Requests is without prejudice to this objection.

11. TP-Link China objects to the Requests to the extent they are overbroad, unduly burdensome and oppressive, and that the burden or expense of producing information and documents in response to the Requests outweighs the likely benefit, taking into account the factors listed in Fed. R. Civ. P. 26(b)(2)(iii), or that the information or documents sought is obtainable from some other source that is more convenient, less burdensome, or less expensive.

12. TP-Link China objects to the definition of "refer to," "relate to," "relating," "relates," as overbroad, vague, ambiguous, and unintelligible, and to the extent it requires subjective judgment on the part of TP-Link China and its attorneys, or a conclusion or opinion of counsel in violation of the attorney work product doctrine.

13. TP-Link China objects to each Request to the extent it is duplicative or cumulative of another Request.

14. TP-Link China objects to the Requests to the extent they seek discovery of documents and things prepared after the date they received notice of Plaintiff's claim of infringement.

15. TP-Link China specifically incorporates herein by reference the objections set forth in TP-Link China's Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-2).

16.  TP-Link China's objections and responses to these Requests are based on its present knowledge, information, belief and ongoing investigations. TP-Link China reserves the right to supplement or amend its objections and responses upon discovery of additional documents and things.

## OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All correspondence between TP-Link (China) and TP-Link (US) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

TP-Link China objects to this Request because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects to this Request on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

TP-Link China objects to this Request on the ground that the phrase "relating in any way to the summons, complaint and Patents-in-Suit" is vague and ambiguous.

TP-Link China objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, and/or other applicable privileges or immunities.

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence between TP-Link (China) and anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

TP-Link China objects to this Request because it is being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings.

TP-Link China objects to this Request on the ground that the information sought through purported "jurisdictional discovery" is neither relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Because of the lack of relevance, the request is also not proportional to the needs of the case. Plaintiff has propounded this request for the purpose of delaying adjudication on the merits of TP-Link China's motion to dismiss.

TP-Link China objects to this Request on the ground that the phrase "relating in any way to the summons, complaint and Patents-in-Suit" is vague and ambiguous.

TP-Link China objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, and/or other applicable privileges or immunities.

Dated: January 28, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
    John T Johnson (admitted *pro hac vice*)
    jjohnson@fr.com
    Jeffrey C. Mok (admitted *pro hac vice*)
    jmok@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291

    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

**COUNSEL FOR DEFENDANT,
TP-LINK TECHNOLOGIES CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically on January 28, 2021 to all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>Defendant. | Case No. 6:20-cv-01012<br>Case No. 6:20-cv-01013<br>Case No. 6:20-cv-01014<br>Case No. 6:20-cv-01015<br>Case No. 6:20-cv-01016<br>Case No. 6:20-cv-01017<br>Case No. 6:20-cv-01018<br>Case No. 6:20-cv-01019<br>Case No. 6:20-cv-01020<br>Case No. 6:20-cv-01021<br>Case No. 6:20-cv-01022<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST SET OF JURISDiCTIONAL
REQUESTS FOR PRODUCTION TO DEFENDANTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff WSOU INVESTMENTS, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos") hereby serves this First Set of Common Requests for Production on Defendant TP-Link Technology Co., Ltd. ("Defendant" or "TP-Link") and request that Defendant produce and permit for inspection and copying the documents responsive to these requests. The inspection and performance of related acts shall be made at DiNovo Price LLP, 7000 N MoPac Expy, Suite 350, Austin, Texas, 78731, within 30 days of service of this request.

1

## I.  DEFINITIONS

1. "Patents-in-Suit" shall refer to the following U.S. Patents: 6,581,121, 7,174,180, 7,333,770, 7,447,767, 7,652,988, 7,751,423, 7,965,726, 8,094,726, 8,094,573, 8199,636, 8,451,839, 8,774,790, 9,226,305, and 9,548,977.

2. The "present cases" shall refer to the following cases between Plaintiff and Defendant filed in the Western District of Texas, Waco Division, on October 31, 2021: Case Nos. 6:20-cv-01012, 6:20-cv-01013, 6:20-cv-01014, 6:20-cv-01015, 6:20-cv-01016, 6:20-cv-01017, 6:20-cv-01018, 6:20-cv-01019, 6:20-cv-01020, 6:20-cv-01021, and 6:20-cv-01022.

3. "TP-Link (China)" shall refer to Defendant, TP-Link Technology Co. Ltd., and TP-Link Technologies Co., Ltd. (联洲技术有限公司).

4. "TP-Link (US)" shall refer to TP-Link USA Corporation.

## II.  REQUESTS

1. All correspondence between TP-Link (China) and TP-Link (US) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

2. All correspondence between TP-Link (China) and anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

Dated: January 8, 2021          Respectfully submitted,

By:  */s/Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
THE MORT LAW FIRM, PLLC
100 Congress Avenue
Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825
Email: raymort@austinlaw.com

Adam G. Price
Texas State Bar No. 24027750

Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
DINOVO PRICE LLP
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January 2021, I served the foregoing to all counsel of record via email.

>　　　　　　　　　　　*/s/ Raymond W. Mort, III*
>　　　　　　　　　　　Raymond W. Mort, III