IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § | Case No. 6:20-cv-01012<br>Case No. 6:20-cv-01013<br>Case No. 6:20-cv-01014<br>Case No. 6:20-cv-01015<br>Case No. 6:20-cv-01016<br>Case No. 6:20-cv-01017<br>Case No. 6:20-cv-01018<br>Case No. 6:20-cv-01019<br>Case No. 6:20-cv-01020<br>Case No. 6:20-cv-01021<br>Case No. 6:20-cv-01022<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT TP-LINK TECHNOLOGIES CO., LTD.'S OPPOSED MOTION TO DEFER ENTRY OF A GENERAL SCHEDULING ORDER PER F.R.C.P 16(B)(2), TO EXPEDITE CONSIDERATION OF ITS MOTION TO DISMISS, AND/OR TO STAY ACTIVITIES UNRELATED THERETO**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), files this Response to Defendant TP-Link Technology Co. Ltd.'s ("TP-Link") Motion Opposed Motion to Defer Entry of a General Scheduling Order Per F.R.C.P. 16(B)(2), to Expedite Consideration of its Motion to Dismiss, and/or Stay Activities Unrelated Thereto (Case No. 6:20-cv-01012-ADA, Doc. 20)[1] ("Motion").

---

[1] Plaintiff will refer to Doc. 20 in Case No. 6:20-cv-01012-ADA, but this Response will address similar Motions filed in Case 6:20-cv-01012, -13, -14, -15, -16, -17, -18, -19, -20, -21, and -22-ADA.

TP-Link's Motion seeking deferral of entry of a general scheduling order a sweeping motion to stay would unnecessarily delay this case. This case can and should continue on its current path. To the extent any accommodations need to be made to address jurisdictional discovery, that can be done within the general schedule, if necessary. In any event, jurisdictional discovery can be completed in a short time frame—a matter of weeks if TP-Link and its attorneys Foley & Lardner ("Foley") participate in that discovery. Finally, based on the stage of the case, TP-Link does not have a deadline to which it must adhere for over two months, which leaves plenty of time for jurisdictional discovery to be completed.

**I.      Limited Jurisdictional Discovery is Justified.**

TP-Link opens its Motion arguing that no fact issue exists and Plaintiff has "initiated unnecessary and irrelevant jurisdictional discovery" because Plaintiff's "chosen method for serving process is *legally invalid*." Motion at 1. But TP-Link ignores that basic dispute between the parties— Plaintiff intends to conduct discovery to confirm that TP-Link was served in compliance with this Court's order allowing Plaintiff to effect alternate service and that due process was satisfied by serving an attorney having an attorney-client relationship with TP-Link. More particularly, whether due process was met with service of the complaints on Foley or service on the U.S. subsidiary. Plaintiff sought a stipulation from TP-Link in this regard to expedite the process, but the parties have not come to an agreement—further evidence that a fact dispute exists and limited jurisdictional discovery is necessary. *See* Ex. A.

The factual dispute is entirely the making of TP-Link and Foley. Foley filed a Notice of Non-Representation of Defendants TP-Link with this Court. Doc. 13. TP-Link then doubled-down on the Foley non-representation claim in its Motion to Dismiss when it claimed "Foley does not represent TP-Link China." Doc. 17 at 10 fn.15. But when responding to Plaintiff's discovery requests, Foley reversed course, asserted the attorney-client privilege and refused to disclose

communications with *its client* TP-Link. *See* Doc. 20-2 at Responses to Interrogatory Nos. 1, 2, 3, 5 and 7 ("TP-Link China objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the common interest doctrine, and/or other applicable privileges or immunities."). Foley and TP-Link seek to have it both ways—assert the attorney-client privilege while simultaneously denying that Foley represents TP-Link. This clear contradiction must be reconciled through discovery. TP-Link cannot use attorney-client privilege as both a sword and a shield.

**II.     Deferral of Entry of the Scheduling Order or a Stay of the Case is Unnecessary.**

Plaintiff has complied with the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases. Discovery is already underway. Plaintiff immediately served interrogatories and has received responses, albeit generally non-responsive. *See* Doc. 20-2. On February 2, 2021, Plaintiff requested a short depositions of Foley and TP-Link to occur with seven days, but no witness has yet been made available. *See* Ex. B. Thus, any delay in the timing of depositions cannot be ascribed to Plaintiff. Discovery is progressing and should be completed relatively soon if Foley and TP-Link can produce witnesses for deposition in a timely manner. Delay is unnecessary.

Based on the stage of this case, no delay is warranted. TP-Link argues that it "will be forced to expend resources litigating substantive matters" in the absence of a deferral of the scheduling order or an outright stay of the case. Motion at 10. But TP-Link has nothing "substantive" to work on for many months. The Court's CMC is deemed to have occurred on February 22, 2021. Doc. 20-1. According to the Court's Scheduling Date Calculator, TP-Link's next deadline does not occur for over two months (April 12, 2021) when it will serve its preliminary invalidity contentions. If TP-Link and Foley will produce witnesses in the next week, Plaintiff can then respond to the Motion to Dismiss. The Motion to Dismiss could be ready for adjudication before

3

the end of February. In all events, TP-Link's concern about having to "litigate substantive matters" is unfounded and should be rejected.

      For the foregoing reasons, Plaintiff respectfully requests the Court deny TP-Link's Motion.

Dated: February 9, 2021                    Respectfully submitted,

                                         By:    /s/ *Adam G. Price*
                                                   Raymond W. Mort, III
                                                   Texas State Bar No. 00791308
                                                   **THE MORT LAW FIRM, PLLC**
                                                   100 Congress Avenue
                                                   Suite 2000
                                                   Austin, Texas 78701
                                                   Tel/Fax: (512) 677-6825
                                                   Email: raymort@austinlaw.com

                                                   Adam G. Price
                                                   Texas State Bar No. 24027750
                                                   Christopher V. Goodpastor
                                                   Texas State Bar No. 00791991
                                                   Gregory S. Donahue
                                                   Texas State Bar No. 24012539
                                                   **DINOVO PRICE LLP**
                                                   7000 N. MoPac Expressway
                                                   Suite 350
                                                   Austin, Texas 78731
                                                   Telephone: (512) 539-2626
                                                   Facsimile: (512) 539-2627
                                                   Email: aprice@dinovoprice.com
                                                   cgoodpastor@dinovoprice.com
                                                   gdonahue@dinovoprice.com

                                                   **ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 9, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

                                                */s/ Adam G. Price*
                                                Adam G. Price