# EXHIBIT A

# Ray Mort

| | |
|---|---|
| **From:** | Ray Mort |
| **Sent:** | Tuesday, February 2, 2021 8:58 PM |
| **To:** | John Johnson |
| **Cc:** | aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok; David Hoffman; Michael Autuoro |
| **Subject:** | Re: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues] |

John,

Also, please advise if you will accept service for TP-Link.

Thanks,

Ray

> On Feb 1, 2021, at 7:42 PM, John Johnson <jjohnson@fr.com> wrote:
>
> Ray, what do you mean by "attorneys involvement"?  And also, "close out the issue of whether due process was met?"   The motion raised legal issues and does not implicate any fact disputes.  -John
>
> **John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202
>
> **From:** Ray Mort <raymort@austinlaw.com>
> **Sent:** Monday, February 01, 2021 7:40 PM
> **To:** John Johnson <jjohnson@fr.com>
> **Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
> **Subject:** Re: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]
>
> No.
>
> We need a stipulation regarding the attorneys involvement first. Or we need to do additional discovery to close out the issue of whether due process was met with service on the attorneys or the US sub.
>
>> On Feb 1, 2021, at 5:51 PM, John Johnson <jjohnson@fr.com> wrote:
>>
>> Ray, can we confirm that you can get your opposition to our motion by February 11?  -John

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

**From:** John Johnson
**Sent:** Friday, January 29, 2021 6:19 PM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]

Let's discuss this, as I'm not sure I'm understanding. Our motion is based on the premise that the Hague Convention is mandatory (and that substitute service was not available), so not sure how we can stipulate that we got "served" via substitute "service." We can certainly stipulate that Plaintiff did what it did (e.g., sent an email) we did something (e.g., received an email with some papers), but we can't stipulate that those facts satisfied the law on service of process. That's the whole point of our motion, we are saying that what Plaintiff did is not legally valid.

-John

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

**From:** Ray Mort <raymort@austinlaw.com>
**Sent:** Friday, January 29, 2021 5:16 PM
**To:** John Johnson <jjohnson@fr.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]

Understood.

We may also seek a stipulation regarding the service as well. We will draft it up and send it to you early next week. If your client doesn't want to stipulate that it was served via the substitute service, then we may need to do a short depo. We understand the defendant's position that the substitute service should not have been authorized. We just want to make sure there is no dispute that they were served according to the Court's order.

- Ray

| <image001.jpg> | RAYMOND W. MORT, III <br><br> THE MORT LAW FIRM, PLLC <br> 100 CONGRESS AVE · SUITE 2000 <br> AUSTIN · TEXAS · 78701 |
|---|---|

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** John Johnson <jjohnson@fr.com>
**Sent:** Friday, January 29, 2021 4:09 PM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]


Ok, let us know - I had proposed a week out in view of the comment that Plaintiff didn't serve the jurisdictional discovery to delay our motion, and it seems like a reasonable time frame given that our motion does not involved contested fact issues, and also, because you've been through this Hague stuff a number of times before.  But if you need the full two weeks from the time we served our discovery responses, that's fine too.   Glad we could figure out the jurisdictional stuff, and it would be good if we can confirm the briefing schedule as well.

-John

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

**From:** Ray Mort <raymort@austinlaw.com>
**Sent:** Friday, January 29, 2021 4:42 PM
**To:** John Johnson <jjohnson@fr.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]

John,

Doubtful we will have our response done by next Friday. We are reviewing as discussed.

Agreed with the remaining positions.

- Ray

| <image001.jpg> | **RAYMOND W. MORT, III**<br><br>**THE MORT LAW FIRM, PLLC**<br>100 CONGRESS AVE · SUITE 2000<br>AUSTIN · TEXAS · 78701 |
|---|---|

AustinLaw.com · (512)-677-6825 · RayMort@AustinLaw.com

The statements contained herein are not intended to and do not constitute an opinion as to any tax or other matter.  They are not intended or written to be used, and may not be relied upon, by you or any other person for the purpose of avoiding penalties that may be imposed under any Federal tax law or otherwise.

CONFIDENTIALITY NOTE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** John Johnson <jjohnson@fr.com>
**Sent:** Friday, January 29, 2021 2:05 PM
**To:** Ray Mort <raymort@austinlaw.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena [Hague Motion/Case Scheduling Issues]


[-Steve Smerek]

Ray,

On the Hague Motion briefing, please let us know if one week out works for opposing our motion.  That would bring the opposition brief to February 5.  Let me know if that works.

As for the case schedule, we understand that Plaintiff opposes any modification to the Court's standard schedule.  (We had proposed on our call consideration of a deferred schedule to allow our motion to be briefed and considered first, before contentions).  Also, you confirmed that Plaintiff does not agree with any stay of the schedule while the Hague motion, and will oppose any motion on it.

Thanks.  -John

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

**From:** John Johnson
**Sent:** Friday, January 29, 2021 2:54 PM
**To:** ssmerek@foley.com; Ray Mort <raymort@austinlaw.com>
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; David Hoffman

4

<Hoffman@fr.com>; Michael Autuoro <Autuoro@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena

Ray and I spoke today about jurisdictional discovery and it looks like we can short circuit this. TP-Link China does not contest that it got the complaints shortly after Plaintiff filed, as explained in its interrogatory responses (attached).

Ray, I will reach out separately about Hague Motion briefing that we discussed.

Thanks. -John

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

---

**From:** ssmerek@foley.com <ssmerek@foley.com>
**Sent:** Tuesday, January 26, 2021 9:34 PM
**To:** John Johnson <jjohnson@fr.com>; Ray Mort <raymort@austinlaw.com>; aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com
**Cc:** Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena

Thank you. Please keep me posted.

Regards,

**Stephen R. Smerek**
Foley & Lardner LLP
555 South Flower Street / Suite 3300
Los Angeles, CA 90071-2418
Direct: (213) 972-4508
Mobile: (213) 304-2748

Visit Foley.com
<image002.jpg>


---

**From:** John Johnson <jjohnson@fr.com>
**Sent:** Tuesday, January 26, 2021 12:10 PM
**To:** Ray Mort <raymort@austinlaw.com>; Smerek, Stephen R. <ssmerek@foley.com>; aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com
**Cc:** Jeffrey Mok <jmok@fr.com>; David Hoffman <Hoffman@fr.com>
**Subject:** RE: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena

**\*\* EXTERNAL EMAIL MESSAGE \*\***

All – Ray and I are planning to chat soon to see if we can short circuit all of this.

**John T. Johnson ::** Fish & Richardson P.C. **::** 212 641 2202

**From:** Ray Mort <raymort@austinlaw.com>
**Sent:** Friday, January 22, 2021 7:32 PM
**To:** ssmerek@foley.com
**Cc:** aprice@dinovoprice.com; cgoodpastor@dinovoprice.com; gdonahue@dinovoprice.com; Jeffrey Mok <jmok@fr.com>; John Johnson <jjohnson@fr.com>; David Hoffman <Hoffman@fr.com>
**Subject:** Re: WSOU Investments LLC v. TP-Link Technology Co., Ltd., Case Nos. 6:20-cv-01012-ADA to 6:20-cv-01022-ADA: Objections to Document Subpoena

[This email originated outside of F&R.]

Stephen,

Please let us know if you are available to meet and confer in these issues before we file a motion to compel.

Thanks,

Ray

> On Jan 22, 2021, at 6:19 PM, ssmerek@foley.com wrote:
>
> TO: All counsel of record in the above-referenced actions –
>
> Attached please find Foley & Lardner LLP's Objections to Document Subpoena to Foley & Lardner LLP.
>
> Regards,
>
> **Stephen R. Smerek**
> Foley & Lardner LLP
> 555 South Flower Street / Suite 3300
> Los Angeles, CA 90071-2418
> Direct:  (213) 972-4508
> Mobile:  (213) 304-2748
>
> Visit Foley.com
> <image001.jpg>
>
>
> The information contained in this message, including but not
> limited to any attachments, may be confidential or protected by
> the attorney-client or work-product privileges. It is not intended
> for transmission to, or receipt by, any unauthorized persons. If
> you have received this message in error, please (i) do not read

6

it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.
<Objections to Subpoena.pdf>

```
****************************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message.
****************************************************************************
****************************************************
```

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

```
****************************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
```

please contact the sender by reply email and destroy all copies of the
original message.
**************************************************************************
****************************************************
 
 
**************************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message.
**************************************************************************
****************************************************
 
 
**************************************************************************
****************************************************
This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized use
or disclosure is prohibited. If you are not the intended recipient,
please contact the sender by reply email and destroy all copies of the
original message.
**************************************************************************
****************************************************
 
 
***************************************************************************************
**************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
***************************************************************************************
**************************************