# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>　　　　　Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

**TP-LINK CHINA'S REPLY IN SUPPORT OF ITS OPPOSED MOTION
TO DEFER ENTRY OF A GENERAL SCHEDULING ORDER
PER FEDERAL RULE OF CIVIL PROCEDURE 16(B)(2),
TO EXPEDITE CONSIDERATION OF ITS MOTION TO DISMISS,
AND/OR TO STAY ACTIVITIES UNRELATED THERETO**

**[HEARING REQUESTED PURSUANT TO CV-9(h)]**

Plaintiff's opposition brief serves only to confirm that TP-Link China's Hague Motion (Dkt. No. 17) is ready for final briefing, and that no additional discovery is necessary. The Court should defer entry of the general schedule and expedite its consideration of the Hague Motion, as noted in the jointly filed Case Readiness Status Report (Dkt. No. 19). As to a final briefing schedule and oral hearing, TP-Link China proposes that any opposition brief be filed by February 26, reply brief by March 5; and that an oral hearing be held sometime in March, subject to the Court's availability.

In the alternative, TP-Link China proposes a short adjournment of the CMC so that the parties may discuss and try to resolve any remaining jurisdictional discovery issues. As Plaintiff noted in its Opposition, the Court has "deemed" the CMC to be held on February 22, per the Court law clerk's email. (Dkt. No. 20; Ex. A). Given the issues raised in this motion, TP-Link China urges that the Court adjourn the CMC for a telephonic conference to be held at the end of March, so that this motion can be heard (per L.R. CV-9(h)).

In the coming weeks, if the parties are unable to resolve jurisdictional discovery, TP-Link China also asks that the Court place on calendar, at the telephonic CMC, oral hearing on any remaining discovery disputes, per the Court's November 19, 2020 Jurisdictional Discovery Standing Order: "To the extent that a party disputes the relevance or proportionality to the needs of the case, the parties are directed to contact the Court for a telephonic hearing." This short adjournment of the CMC should present no issue for Plaintiff, as it had recently asked for a "two week extension" to oppose this motion, and has also indicated that there is no reason to delay adjudication of the Hague Motion. (see Ex. A).

1.      **There Are No Fact Issues in Dispute**

Plaintiff in its Opposition fails to respond to the fundamental issue—that the Hague Motion (Dkt. No. 17) seeks adjudication of **legal issues based on no factual disputes**:

- "First, Plaintiff has failed to follow the procedures set out in the Hague Convention, which are mandatory under Texas law." (Dkt. No. 17, at p. 1)

There is no factual dispute that Plaintiff did not try to follow the Hague Convention. Plaintiff can raise a legal dispute as to whether the Hague Convention is mandatory under Texas law, but of course such an argument presents no legitimate need for more jurisdictional discovery.

TP-Link China further argues in its Hague Motion.

- "Second, although the Court granted Plaintiff's *ex parte* reconsideration motion and Plaintiff purports to have effected service pursuant to the Court's Order: (1) via email to TP-Link China's former U.S. counsel; and (2) via "Certified Mail" to TP-Link USA Corporation located in California, *both methods of service are invalid under Rule 4(f)(3) because they are service within the United States*." (*Id.*)

Again, this legal argument presents no need for additional discovery. TP-Link China does not dispute that the Foley attorneys (to whom Plaintiff emailed), and that TP-Link USA (to whom Plaintiff mailed via USPS), are in the United States. Plaintiff may raise a legal dispute as to whether FRCP 4(f)(3) applies to persons located in the United States. No more discovery is needed.

Finally, TP-Link China argues:

- "Third, Plaintiff failed to follow the Texas rules for mail service, which require a return receipt with signature."   (*Id.*)

There is no factual dispute that Plaintiff did not file a return receipt with signature with the Court. The only potential issue is thus, again, legal in nature—e.g., whether Texas requires a return receipt with signature for service of process. No further jurisdictional discovery is needed.

 **2.** **Plaintiff's Use of the Court's November 19, 2020 Jurisdictional Discovery Order to "Stay" the Hague Motion Should Not Be Permitted**

Despite there being no legitimate need for jurisdictional discovery, Plaintiff has taken advantage of the Court's November 19, 2020 Jurisdictional Discovery Standing Order in a blatant effort to delay adjudication of the Hague Motion. It is ironic that Plaintiff has used the

Court's "jurisdictional discovery" Order to obtain an automatic "stay" of the briefing schedule, so that it can instead force a general schedule on TP-Link China, in a case in which it has only made a special appearance. TP-Link China has responded to Plaintiff's discovery, and as noted therein, Plaintiff's discovery is "being made for an improper purpose, namely to harass and cause unnecessary delay and a needless increase in the cost of these proceedings." (Dkt. No. 20; Ex. B). TP-Link China urges this Court to put a stop to Plaintiff's unfair tactics.

### 3. "Limited Discovery" Has Been Completed and No More Is Necessary

Plaintiff's opposition is also without merit because the "limited jurisdictional discovery" it says it needs has already been completed. Plaintiff argues that "it intends to conduct discovery [1] to confirm that TP-Link was served in compliance with this Court's order allowing Plaintiff to effect alternate service and [2] that due process was satisfied by serving an attorney having an attorney-client relationship with TP-Link." (Opp., at p. 2).

What Plaintiff fails to tell the Court is that TP-Link China already responded to Plaintiff's Discovery in full (on January 28, 2021; see e.g., Dkt. No. 20, Ex. B), to which Plaintiff has made no objection. In particular, Plaintiff propounded ten interrogatories on TP-Link China, asking specific questions. (see *id.*). Plaintiff has not complained about any of the responses and in fact on a conference call indicated that no further discovery would be necessary, wherein the parties began discussing the Opposition deadline to the Hague Motion. (see Ex. A).

Nonetheless, regarding [1], there are no factual disputes as to what Plaintiff did to "serve" TP-Link China. TP-Link China has stated the uncontroverted facts in its interrogatory answers. (see Dkt. No. 20, Ex. B). Despite repeated requests, Plaintiff has failed to identify any such "factual disputes." (see Ex. A). Rather, after reviewing TP-Link China's January 28 discovery responses, Plaintiff's counsel acknowledged that no further discovery was necessary and even suggested that an Opposition to the Hague Motion could be filed by February 5, although

"[d]oubtful we will have our response done by next Friday."  In response, on January 29 TP-Link China proposed February 11 for Plaintiff's Opposition date for the Hague Motion, but that proposal remained unanswered.  (see Ex. A).

Plaintiff's "due process" argument is also without merit, as constitutional due process is a legal argument.  *See Mullane v. Central Hanove Bank & Trust Co.,* 70 S.Ct. 652 (1950) (addressing constitutional due process concerning a New York Banking Law).

Plaintiff contends that it "sought a stipulation from TP-Link …[to] expedite the [jurisdictional discovery] process, but the parties have not yet come to an agreement—further evidence that a fact dispute exists and limited jurisdictional discovery is necessary."  (Opp., at p. 2).  But Plaintiff never followed through on any such stipulation proposal, underscoring that none is needed.  Plaintiff, in a January 29 email, indicated, "We may also seek a stipulation regarding the service as well. **We will draft it up and send it to you early next week**."  (see Ex. A; emphasis added).  Despite multiple requests, Plaintiff never sent a draft stipulation for consideration.  Plaintiff did not disclose to the Court TP-Link China's February 3 email:

> "[Counsel,] I got your this and your other email.  I'm not available today, but how about we discuss tomorrow morning?  11:00am Austin time?  Let me know.  Can you send the draft stipulation that you mentioned below before we talk?  While I don't think there are any fact issues at dispute in connection with the Hague Motion, I'm happy to consider the stipulation and see if we can work through this.  Also, if you can identify the fact disputes that you see with the Hague Motion, that would help too for our call."

(Ex. A).

### 4. Plaintiff's Argument that TP-Link China "Has Nothing 'Substantive' To Work on For Many Months" is Artificial and Dissembling

Plaintiff claims that "TP-Link has nothing 'substantive' to work on for many months." (Opp., at p. 3).  But Plaintiff has filed *eleven separate lawsuits asserting eleven patents* against TP-Link China.  If the Court enters a Scheduling Order based on the CMC being deemed to have

been held on February 22, preliminary invalidity contentions *on eleven patents* will be due in less than two months, on April 12.  Plaintiff's false argument that no substantive effort will be required for many months is thus more reason for this Court to expedite the Hague Motion and defer entry of the schedule until the motion to dismiss can be adjudicated.

### 5. Plaintiff's "Deposition Requests" Are Unnecessary

Plaintiff argues that, "Discovery is progressing and should be completed relatively soon if Foley and TP-Link can produce witnesses for deposition in a timely manner.  Delay is unnecessary."  Minutes after TP-Link China filed this motion on February 2, Plaintiff fired off an email asking when the "Foley guys and TP-Link US are available for a deposition in the next 7 days so we can conduct the depositions in time for a response to your motion.  Also, we request a 14 day extension to file our response." (see Ex. A).  As noted above, TP-Link China responded to this email on February 3 (see Ex. A), but Plaintiff never replied.  After Plaintiff filed its opposition to this motion, TP-Link again reached out, on February 11:

> "[Counsel], I haven't heard from you in response to my email (as well as my previous emails on the same subject) – are you going to provide the requested information?  Also, are you free to meet/confer tomorrow morning?"

(see Ex. A).  To date, Plaintiff has not responded, which only underscores that these jurisdictional discovery requests are not needed for resolution of the Hague Motion.

For the reasons set forth in Defendant's motion and in this Reply, the motion should be granted.

Dated: February 16, 2021

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
    John T Johnson (*pro hac vice*)
    jjohnson@fr.com
    Jeffrey C. Mok (*pro hac vice*)
    jmok@fr.com
    7 Times Square, 20th Floor
    New York, NY 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291

    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 810
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

**COUNSEL FOR DEFENDANT,**
**TP-LINK TECHNOLOGIES CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 16, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

*/s/ David M. Hoffman*
David M. Hoffman