**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,** | **Case No. 6:20-cv-01012-ADA** |
| | **Case No. 6:20-cv-01013-ADA** |
| | **Case No. 6:20-cv-01014-ADA** |
| Plaintiff | **Case No. 6:20-cv-01015-ADA** |
| | **Case No. 6:20-cv-01016-ADA** |
| | **Case No. 6:20-cv-01017-ADA** |
| v. | **Case No. 6:20-cv-01018-ADA** |
| | **Case No. 6:20-cv-01019-ADA** |
| **TP-LINK TECHNOLOGY CO., LTD.,** | **Case No. 6:20-cv-01020-ADA** |
| | **Case No. 6:20-cv-01021-ADA** |
| Defendant | **Case No. 6:20-cv-01022-ADA** |
| | |
| | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR**
**<u>INVALID SERVICE AND LACK OF JURISDICTION</u>**

## TABLE OF CONTENTS

I.    INTRODUCTION.......................................................................................... 1

II.   BACKGROUND AND PROCEDURAL HISTORY ................................................. 1

III.  LEGAL STANDARD .................................................................................... 4

IV.   ARGUMENT & AUTHORITIES ...................................................................... 7

      A.    The Motion Should Be Denied As Moot Because The Court Has
            Already Approved Alternative Service On TP-Link China.............................7

      B.    WSOU Properly Served TP-Link China With Process....................................7

V.    CONCLUSION ........................................................................................ 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*,
   No. WA:13-cv-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014).........................4

*Brown v. China Integrated Energy, Inc.*,
   285 F.R.D. 560 (C.D. Cal. 2012)..............................................................................4

*Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V*,
   970 F.3d 1269, 1294-95 (10th Cir. 2020)  .............................................................6

*Happy v. Congress Materials, LLC*,
   No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014).......................5

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
   No. CV 09-02047, 2015 WL 13387769 (E.D. La. Nov. 9, 2015)..............................9

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) .......................................................................................5, 8, 9

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ...........................................................................4, 7

*Rio Props., Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ............................................................................3, 7

*Saturn v. Barnett*,
   A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016), *report and recommendation adopted*, No. 1:16-CV-00505-LY, 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017)  .........................................................................................................................5

*STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*,
   No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019) ................................................9

*Terrestrial Comms LLC v. NEC Corp.*,
   No. 6:19-CV-00597-ADA, 2020 U.S. DIST. LEXIS 106909 (W.D. Tex. June 17, 2020)  ....................................................................................................................*passim*

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694 (1988) ...............................................................................................4

**Other Authorities**

Fed. R. Civ. P. 4(f) ..................................................................................................*passim*

Fed. R. Civ. P. 4(h) ............................................................................................................ 2

## I.      INTRODUCTION

TP-Link Technology Co., Ltd.'s. ("TP-Link China") motion is without merit. This Court granted WSOU's motion for leave to effect alternative service. Pursuant to the Court's order, WSOU effected service via email upon TP-Link China's U.S. attorneys and via registered mail carrier with return receipt upon TP-Link USA Corporation ("TP-Link US"). Because the Court already ruled on this issue, TP-Link China's motion is moot.

Further, the Court has ruled that alternative service upon TP-Link China was procedurally proper under the Federal Rules of Civil Procedure ("FRCP"), the Texas long-arm statute, and due process requirements under the Constitution because the form was reasonably calculated to provide notice to TP-Link China of this action. Contrary to TP-Link China's assertions, service pursuant to the Hague Convention is not mandatory where, as here, alternative means of service exist and have been effectuated under FRCP 4(f)(3). TP-Link China does not dispute that it is now fully informed of this litigation. TP-Link China's demands are thus an improper attempt to create procedural hurdles, delay the action, and waste the parties' time and judicial resources.

## II.      BACKGROUND AND PROCEDURAL HISTORY

WSOU is a Delaware limited liability company with its principal place of business located at 605 Austin Avenue, Suite 6, Waco, Texas 76701. TP-Link China is a Chinese corporation with its principal place of business in the city of Shenzen.

On October 31, 2020, WSOU commenced the above-captioned actions by filing eleven complaints against TP-Link China for direct and indirect infringement of eleven separate patents. The Court issued a summons in each case on November 2, 2020. On November 9, 2020, WSOU filed eleven motions for leave to effect alternative service on

TP-Link China pursuant to FRCP 4(f)(3), requesting that the Court authorize WSOU to serve TP-Link China by emailing previous U.S. counsel for TP-Link China, Mr. Stephen R. Smerek and Ms. Tiffany K. Sung. Additionally, or in the alternative, WSOU requested the Court authorize WSOU to serve TP-Link China by serving its U.S. subsidiary, TP-Link China USA Corporation, located at 145 S. State College Blvd. Suite 400, Brea, California 92821.

On November 12, 2020, the Court issued text orders denying WSOU's motions without prejudice. On November 17, 2020, WSOU filed motions for reconsideration of the November 12 orders, which the Court granted on December 7, 2020. WSOU promptly effected service via the Court's authorized methods and filed the returned, executed summonses, including a proof of service on TP-Link China in each case. (ECF. No. 12)

On January 4, 2021, TP-Link China filed the present motion to dismiss in each case. Almost one month later, on February 2, 2021, TP-Link China filed in each case a motion to stay pending resolution of its motions to dismiss (ECF No. 20). No stay has been granted by the Court in any of the above-captioned cases. Also, on February 2, the Court directed the parties to conduct jurisdictional discovery according to its November 19, 2020 "Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases."

On January 8, 2021, WSOU served a document subpoena on Foley & Lardner LLP ("Foley"). The subpoena requested the following documents:

> 1.     All correspondence between Foley and TP-Link (China) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

2. All correspondence between Foley and TP-Link (US) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

3. All internal correspondence between anyone at Foley relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

On January 22, 2021, Foley responded to the subpoena with objections to each document request. (ECF No. 20-4). Specifically, Foley objected to producing documents because the requests "seek[] disclosure of privileged communications, including attorney-client privilege…" This objection is telling because the only documents requested related to the present litigation, and the only basis for withholding communications between Foley and TP-Link China based on an attorney-client privilege. Thus, as asserted in their objection Foley with respect to the timing of service on Foley, Foley has represented, via their objections to the subpoena, that their attorneys that received service had an attorney-client relationship with TP-Link China.

On January 8, 2021, WSOU also served jurisdictional discovery (interrogatories and production requests) on TP-Link China. On January 28, 2021, TP-Link China responded to the discovery. (ECF Nos. 20-2, 20-3). Among others, WSOU served the following requests and interrogatories on TP-Link China:

**REQUEST FOR PRODUCTION NO. 2:**

All correspondence between TP-Link (China) and anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) relating in any way to the summons, complaint and Patents-in-Suit for the present cases.

**INTERROGATORY NO. 10:**

Has TP-Link (China) had an attorney-client relationship with anyone at Foley & Lardner LLP, including but not limited to Mr. Stephen R. Smerek (ssmerek@foley.com) and Ms. Tiffany K. Sung (tsung@foley.com) since December 6, 2020?

On January 28, 2021, TP-Link responded to the discovery with objections. In particular, TP-Link objected to the Request for Production No. 2 because "it seeks information protected from disclosure by the attorney-client privilege…" (ECF No. 20-3 at 7). TP-Link China also objected to the interrogatory No. 10 because "it seeks information protected from disclosure by the attorney-client privilege…" (ECF No 20-2 at 11). As with Foley's objection, TP-Link China's objections are also telling because the only information requested related to the service on the Foley attorneys. In order to assert an attorney-client privilege, there must be an attorney-client relationship. While TP-Link China asserts Foley does not "represent" TP-Link China in a current matter, that is not the same as establishing the Foley attorneys do not have an active and current attorney-client relationship with TP-Link China.

Accordingly, the method of serving the Foley attorneys complied with the US Due Process requirements by serving U.S. based counsel on behalf of TP-Link China. From the actions of the Foley attorneys and TP-Link China, it is clear that TP-Link China was informed of the present litigation and made a timely appearance in an effort to defend itself.

## III.   LEGAL STANDARD

Rule 4(h) of the FRCP governs service of process on corporations, partnership, or associations.  Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i). *Id*.

Pursuant to Rule 4(f), to be effective, service on a foreign defendant must comply with one of three provisions as follows:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice []; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

As such, pursuant to Rule 4(f)(3), "so long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. DIST. LEXIS 106909, at *5 (W.D. Tex. June 17, 2020) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). Rule 4(f)(3) merely provides one of the permissible methods for service of process on international defendants. *See Rio Props.*, 284 F.3d at 1015.

Notably, a plaintiff is not required to attempt to effect service on a foreign defendant pursuant to the Hague Convention under Rule 4(f)(1) prior to requesting the Court's authorization of an alternative method of service under Rule 4(f)(3). *See Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010).

Axiomatically, service pursuant to the Hague Convention is not mandatory if there are alternative means to effectuate service under Rule 4(f)(3). *Terrestrial Comm*, 2020 U.S. DIST. LEXIS 106909, at *8 (rejecting foreign defendant's demand for service under the Hague Convention and holding that email service on the defendant's U.S. counsel is proper and effective under Rule 4(f)(3) even if counsel has not been expressly authorized to accept service on defendant's behalf); *see also Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565 (C.D. Cal. 2012) ("The Hague Convention does not prohibit authorizing plaintiffs to serve the foreign individual defendants by serving them through [defendant's] agent for service of process or its attorneys in the United States.").

Moreover, the United States Supreme Court has held that "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, [the] inquiry ends and the [Hague] Convention has no further implications [and] contrary to [defendant's] assertion, the Due Process Clause does not require an official transmittal of documents abroad every time there is service on a foreign national." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) (holding that the Hague Convention did not apply when process is effected by serving a foreign corporation through its U.S. subsidiary).

This Court can thus authorize any alternative method of service that complies with the Texas long-arm statute and constitutional requirements of due process. *See Terrestrial Comms*, 2020 U.S. DIST. LEXIS 106909, at *7.

Courts have repeatedly interpreted the Texas long-arm statute "to reach as far as the federal constitutional requirements of due process will allow." *Id.* (citing *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996)). To that end, to satisfy the constitutional

requirements of due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Accordingly, if alternative service complies with the state long-arm statute and due process requirements, and thus apprises a defendant of the pending action, the defendant may not obtain dismissal of a case for insufficiency of process and resultant lack of personal jurisdiction under Rules 12 (b)(2) and (5) of the FRCP.

## IV.   ARGUMENT & AUTHORITIES

### A.   The Motion Should Be Denied As Moot Because The Court Has Already Approved Alternative Service On TP-Link China

TP-Link China's motion is procedurally improper because it ignores the Court's December 7 Order that approved the exact service effected by WSOU. Because the issues raised in the Motion were already considered and decided by the Court, the Motion is moot and should be denied on this ground alone. *See Happy v. Congress Materials, LLC*, No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014) (denying as moot a motion following the issuance of a court order on the same issue); *Saturn v. Barnett*, A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016), *report and recommendation adopted*, No. 1:16-CV-00505-LY, 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017) (finding an insufficiency of process argument moot after defendant was successfully served pursuant to the Court's order).

### B.   WSOU Properly Served TP-Link China With Process

A growing number of federal courts have authorized alternative service of process under Rule 4(f)(3), including service upon a foreign defendant's United States counsel or

United States subsidiary. *See Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 970 F.3d 1269, 1294-95 (10th Cir. 2020) (collecting cases). Additionally, "courts have held that the 'proper construction' of Rule 4(f)(3) vis-à-vis foreign defendant includes service via 'delivery to the defendant's attorney.'" *Id.* at 1295 (collecting cases and rejecting the foreign defendant's argument that service on United States counsel is foreclosed by Rule 4(f)'s text proscribing service "at a place not within any judicial district of the United States"). TP-Link China's arguments are thus contrary to the findings of an increasing number of courts—at both the appellate and district levels—which have approved the exact method of service authorized by the Court here.

Pursuant to the Court's order, WSOU effected service upon TP-Link China via email on TP-Link China's U.S. counsel Mr. Stephen R. Smerek at ssmerek@foley.com, and Ms. Tiffany K. Sung at tsung@foley.com. Additionally, WSOU effected service via registered mail with return receipt upon TP-Link China USA Corporation, which on information and belief WSOU alleged to be TP-Link China's U.S. subsidiary. Certainly, if WSOU had chosen to serve TP-Link China under Rule 4(f)(1) it could have transmitted documents abroad in a method authorized by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). But WSOU sought leave to effect alternative service under Rule 4(f)(3) via a method that did not require the transmittal of documents abroad. "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Nuance Comms*, 2010 U.S. App. LEXIS 23419, at **34 (Fed. Cir. Nov. 12, 2010) (quoting *Rio Props.* at 1015) (internal quotation marks omitted). Further, WSOU was not required to serve TP-Link China pursuant to Tex. Civ. Prac. &

Rem. Code §§ 17.043–17.045. TP-Link China improperly regards the *permitted* methods of service by §§ 17.043–17.045 as *required* methods of service. If TP-Link China's understanding of the law were correct, a foreign corporation being sued in a Texas forum could never be served under the methods prescribed by the Federal Rules of Civil Procedure. The Court should reject this nonsensical outcome.

TP-Link China next asserts that Foley & Lardner LLP does not represent TP-Link China. Mot. at 10. TP-Link China and Foley's responses to WSOU's discovery requests tell a different story. WSOU requested from Foley "[a]ll correspondence between Foley and TP-Link China (China) relating in any way to the summons, complaint and Patents-in-Suit for the present cases." ECF No. 20, Exh. 4 at 4. Foley objected to the request to the extent it sought "disclosure of privileged communications, including attorney-client privilege, [and] attorney work-product immunity . . . ." *Id.* WSOU requested production from TP-Link China of "[a]ll correspondence between TP-Link China (China) and anyone at Foley & Lardner LLP . . . relating in any way to the summons, complaint, and Patents-in-Suit for the present cases." ECF No. 20, Exh. 3 at 7. TP-Link China objected to the request to the extent it sought "information protected from disclosure by the attorney-client privilege, [and] the attorney work-product doctrine . . . ." *Id.* Lastly, WSOU submitted an interrogatory to TP-Link China which stated, "Identify when and the manner in which TP-Link China (China) first became aware of the complaints in the present cases." ECF No. 20, Exh. 2 at 6. TP-Link China objected to the interrogatory to the extent it sought "information protected from disclosure by the attorney-client privilege, [and] the attorney work-product doctrine . . . ." *Id.* Subject to its objections to the interrogatory, TP-Link China then responded that it received an email from

ssmerek@foley.com, the email address of Mr. Stephen Smerek at Foley & Lardner, with copies of the complaints in the present cases attached, as well as a list of the patent numbers in the present cases. *Id.*

Setting aside whether Foley does or does not represent TP-Link China, "[d]ue process does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept service on their behalf." *Terrestrial Comms*, 2020 U.S. DIST. LEXIS 106909, at *10. The fundamental truth revealed from TP-Link China's appearance in this case and its discovery responses is that TP-Link China received actual notice of the cases at hand via the Court's authorized methods of service. In other words, the Court's authorized methods were "of such nature as *reasonably* to convey the required information, and . . . afford a reasonable time for those interested to make their appearance." *Mullane*, 339 U.S. at 314 (emphasis added). Due process has been satisfied here because the efforts made at giving notice provided fundamental fairness by exhibiting a *reasonable* probability of actual notice, as TP-Link China did in fact receive actual notice here and has appeared. *See id.* at 317-18.

Returning to Foley's apparent representation of TP-Link China—based on both parties invoking attorney-client privilege in their discovery responses—"[d]istrict courts routinely direct service on an international defendant's counsel under Rule 4(f)(3) even if the counsel has not been expressly authorized to accept service on the defendant's behalf." *Terrestrial Comms*, 2020 U.S. DIST. LEXIS 106909, at *10 (collecting cases). Effecting service of process on counsel "erases any material doubt that [the defendant] will be provided with notice of the suit." *Id.* at *11 (quoting *Huawei Techs. USA v. Oliveira,* No. 4:19-cv-229-ALM-KPJ, 2019 WL 3253674, at *3 (E.D. Tex. July 19, 2019)).

As shown, TP-Link China was in fact provided notice of suit by the Court's authorized method of service.

In sum, TP-Link China's assertions amount to an improper attempt to create procedural hurdles, delay these cases, and waste the parties' time and judicial resources. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769 (E.D. La. Nov. 9, 2015) (finding that defendants' refusal to accept service of process and insistence on the formalities of the Hague Convention were motivated by their intent to delay justice). The Court properly used its discretion to authorize alternative method of service. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 1, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13 ("Thus, so long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service.") The authorized method was "reasonably certain to inform those affected," as TP-Link China was apprised of these actions. *Mullane*, 339 U.S. at 314. And because TP-Link China has appeared, filed the present motions, and responded to jurisdictional discovery, the Court's authorized method was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Id.* Accordingly, the method of service here were proper because they conformed with FRCP 4(f)(3), Due Process, and the Texas long-arm statute.

## V.      CONCLUSION

For the foregoing reasons, WSOU respectfully requests that the Court deny TP-Link China's motion to dismiss for insufficient service of process and lack of personal jurisdiction.

Dated: March 31, 2021                         Respectfully submitted,

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DiNovo Price LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF**