**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>　　　　　　Defendant. | Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1021-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO VACATE/QUASH FOR INVALID SERVICE OF PROCESS**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Plaintiff's Invalid Service Must Be Addressed | 1 |
| II. | The Hague Procedures Are Mandatory | 2 |
| III. | Plaintiff's Purported Service Is Also Invalid Because It Is Inconsistent with the Express Language of the Federal Rules of Civil Procedure | 4 |
| IV. | Plaintiff Remains Silent on why the Court's Intervention was Necessary Here | 6 |
| V. | Plaintiff Also Failed To Meet Texas Requirements in Trying to Effect Service on Former Counsel and TP-Link USA | 8 |
| VI. | Conclusion | 10 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                    Page(s)

*Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*,
  No. WA:13-cv-369, 2014 WL 11342502 (W.D. Tex. July 2, 2014) (Smith, J.) ....................... 8

*AGIS Software Dev., LLC v. ZTE Corp.*,
  No. 2:17-CV-00517-JRG, 2018 WL 4053897 (E.D. Tex. July 20, 2018) ......................... 7, 10

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*,
  No. SA-05-CA-172-XR, 2005 WL 1862631 (W.D. Tex. July 8, 2005)
  (Rodriguez, J.) .............................................................................................................. 3, 6

*Am. Express Co. v. Xiongwen Rui*,
  No. CV-18-01281-PHX-DWL, 2019 WL 1858101 (D. Ariz. Apr. 25, 2019) ...................... 2, 3

*In re Auclair*,
  961 F.2d 65 (5th Cir. 1992) .............................................................................................. 10

*In re Auto. Parts Antitrust Litig.*,
  No. 16-CV-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017) ..................................... 5

*Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*,
  54 F. Supp. 2d 691 (S.D. Tex. 1999) ................................................................................... 3

*In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*,
  805 F.2d 120 (3d Cir. 1986) .............................................................................................. 10

*Brewer v. Suzuki Motor of Am., Inc.*,
  No. 4:15-CV-197, 2015 WL 4433046 (S.D. Tex. July 17, 2015) ......................................... 3

*Brown v. China Integrated Energy, Inc.*,
  285 F.R.D. 560 (C.D. Cal. 2012) ........................................................................................ 8

*Buffer v. Grupo Radio Centro, S.A.B. de C.V.*,
  No. EP-10-CV-364-DB, 2011 WL 13238336 (W.D. Tex. Mar. 3, 2011)
  (Briones, J) ..................................................................................................................... 6, 7

*Charles v. Sanchez*,
  No. EP-13-CV-00193-DCG, 2013 WL 12087219 (W.D. Tex. Aug. 5, 2013)
  (Guaderrama, J.) ................................................................................................................ 6

*In re Chinese-Manufactured Drywall Prod. Liab. Litig.*,
  No. CV 09-02047, 2015 WL 13387769 (E.D. La. Nov. 9, 2015) ......................................... 8

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
  No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) ....................................... 5

*Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*,
   970 F.3d 1269 (10th Cir. 2020) ..................................................................................5, 8

*Compass Bank v. Katz*,
   287 F.R.D. 392 (S.D. Tex. 2012) .........................................................................................6

*Convergen Energy LLC v. Brooks*,
   No. 20-CV-3746 (LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020) ............................5, 7

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
   No. 12-15622, 2013 WL 6797175 (E.D. Mich. Oct. 2, 2013) .............................................2, 5

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*,
   107 F. Supp. 3d 134 (D.D.C. 2015) ......................................................................................5

*In re Grand Jury Proc. Under Seal*,
   947 F.2d 1188 (4th Cir. 1991) .............................................................................................10

*H. L. McRae Co. v. Hooker Constr. Co.*,
   579 S.W.2d 62 (Tex. Civ. App. 1979) ..................................................................................9

*Happy v. Congress Materials, LLC*,
   No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014) ..............................1, 2

*James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*,
   No. SA-16-CV-00463-OLG, 2018 WL 4688778 (W.D. Tex. July 5, 2018) .........................2

*In re Katrina Canal Beaches Litig.*,
   309 F. App'x 833 (5th Cir. 2009) .........................................................................................3

*Macrosolve, Inc. v. Antenna Software, Inc.*,
   No. 6:11-CV-287, 2012 WL 12903085 (E.D. Tex. Mar. 16, 2012) .....................................3

*Martinez v. Texas*,
   No. 6:18-CV-00134-ADA, 2018 WL 7288573 (W.D. Tex. Oct. 17, 2018),
   *aff'd*, 772 F. App'x 114 (5th Cir. 2019) ..............................................................................2

*McGuire v. Sigma Coatings, Inc.*,
   48 F.3d 902 (5th Cir. 1995) ..................................................................................................2

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ............................................................................................8

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97 (1987) ................................................................................................................4

*Ransom v. Brennan*,
    437 F.2d 513 (5th Cir. 1971) ..................................................................................................9

*Rio Properties, Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ................................................................................................8

*Sang Young Kim v. Frank Mohn A/S*,
    909 F. Supp. 474 (S.D. Tex. 1995) .........................................................................................3

*Saturn v. Barnett*,
    No. A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016) ..................................2

*Sheets v. Yamaha Motors Corp., U.S.A.*,
    891 F.2d 533 (5th Cir. 1990) ..................................................................................................2

*Sikhs for Justice v. Badal*,
    736 F.3d 743 (7th Cir. 2013) ..................................................................................................9

*STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*,
    No. 6:19-cv-00261-ADA, ECF No. 13 (W.D. Tex. May 29, 2019) ........................................8

*Terrestrial Comms LLC v. NEC Corp.*,
    No. 6:19-CV-00597-ADA, 2020 WL 3270832 (W.D. Tex. June 17, 2020) .........................8, 9

*Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*,
    No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134 (E.D. Tex. Oct. 22, 2019) .......................3

*UNM Rainforest Innovations v. D-Link Corp.*,
    No. 6-20-CV-00143-ADA, 2020 WL 3965015 (W.D. Tex. July 13, 2020) .............................7

*Way v. Mueller Brass Co.*,
    840 F.2d 303 (5th Cir. 1988) ..................................................................................................2

**Statutes**

Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-17.045 ...............................................................3, 4

**Other Authorities**

Fed. R. Civ. P. 4 ..................................................................................................................*passim*

Tex. R. Civ. P. 106(a)(2) ...............................................................................................................10

Tex. R. Civ. P. 107(c) ...................................................................................................................10

Tex. R. Civ. P. 119 .........................................................................................................................9

Plaintiff's Response fails to demonstrate that its purported service of process on Defendant meets a valid theory of service.  Instead, Plaintiff attempts to frame the issue as moot.  But valid service of process—in accordance with Texas state law—is a critical jurisdictional issue.  The appropriate relief for invalid service of process is to dismiss for invalid service of process or to quash Plaintiff's purported alternative service (via Defendant's former U.S. counsel and non-party TP-Link USA).

Plaintiff agrees that the Texas long-arm statute applies here.  Under that statute, service on a foreign defendant through the statute's plain language requires the transmission of documents abroad.  Transmission abroad indisputably triggers application of the Hague Convention.  Plaintiff also does not dispute that Rule 4(f)(3) is expressly limited in geographic scope to service "at a place ***not within*** . . . the United States."  Plaintiff's purported service occurred ***within*** the United States, and thus falls squarely outside the scope of Rule 4(f)(3).

Tellingly, Plaintiff provides no reason why it needs to bypass the Hague.  Plaintiff's request for the Court's intervention at the very start of the case without any justification for that intervention is exceptional.

### I. Plaintiff's Invalid Service Must Be Addressed

Defendant's motion to dismiss and quash service is the proper procedural vehicle under the Federal Rules of Civil Procedure to challenge Plaintiff's invalid service of process.  Plaintiff argues in its Response at page 7 that the issues raised in the Motion are moot because they were already considered and decided by the Court.  They were not.  In fact, because Plaintiff proceeded *ex parte* in two motions to obtain leave for its alternative service, the Court has not considered the issues raised in the instant motion.

Plaintiff cites *Happy v. Congress Materials, LLC*, No. SA-14-CA-201, 2014 WL 11321381 (W.D. Tex. Nov. 12, 2014), but that case is inapposite—there, an argument about an

untimely filing was "moot" because the court already granted leave to make the filing. *Happy*, 2014 WL 11321381, at *2. Plaintiff's reliance on *Saturn v. Barnett*, No. A-16-CA-505-LY, 2016 WL 7392240 (W.D. Tex. Dec. 20, 2016) is also misplaced because there, a motion for insufficiency of process was moot because the case was dismissed on other grounds. *Id.* at *6.

The proper recourse for invalid service of process is not to disregard it as moot as Plaintiff argues, but to quash service (or dismiss the action). "Absent proper service of process, the district court lacks personal jurisdiction over the defendant." *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018). The court in *James Avery*, upon reevaluating plaintiff's service and finding it incompatible with the law on service on a foreign defendant, vacated its previous order granting alternative service and quashed service made under that order. *Id.* at *8; *see also Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 WL 6797175, at *1 (E.D. Mich. Oct. 2, 2013) (vacating order that granted alternative service on foreign defendant and quashing service made under that order); *Am. Express Co. v. Xiongwen Rui*, No. CV-18-01281-PHX-DWL, 2019 WL 1858101, at *1 (D. Ariz. Apr. 25, 2019) (vacating order that granted alternative service on defendant's U.S. counsel). Further, Defendant's current knowledge of the case does not cure the jurisdictional deficiency.[1]

## II.     The Hague Procedures Are Mandatory

Plaintiff's purported service is invalid because it did not follow Hague procedures. Plaintiff does not dispute that the Hague Convention applies "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891

---

[1] "Actual notice of the litigation does not satisfy the requirement of proper service of summons under Rule 4." *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995); *see also Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988); *Martinez v. Texas*, No. 6:18-CV-00134-ADA, 2018 WL 7288573, at *1 (W.D. Tex. Oct. 17, 2018), *aff'd*, 772 F. App'x 114 (5th Cir. 2019).

F.2d 533, 537 (5th Cir. 1990) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699-706 (1988)).  Plaintiff also agrees that the Texas long-arm statute applies here.  (*See* Dkt. No. 24 at p. 6 ("This Court can thus authorize any alternative method of service ***that complies with the Texas long-arm statute***[.]"); *id.* at 7).  Thus, the Hague Convention applies if service through the Texas long-arm statute requires the transmittal of documents abroad.  It does.

Here, the long-arm statute under Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043-17.045 expressly requires transmittal of documents abroad to Defendant's principal place of business in China, through mail: "notice of the service must be ***immediately mailed to . . . the nonresident's principal place of business***." Tex. Civ. Prac. & Rem. Code Ann. § 17.045(c).  This invokes the Hague Convention.  *See Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co*., No. SA-05-CA-172-XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005) (Rodriguez, J.).[2]

Plaintiff attempts to deflect from this result by arguing that "TP-Link China improperly regards the *permitted* methods of service by §§ 17.043–17.045 as *required* methods of service." (Dkt. No. 24 at p. 13).  But Plaintiff offers no case law addressing why §§ 17.043–17.045 would not be required here, and does not otherwise offer any explanation.  Not surprisingly, Plaintiff has failed to identify any other sections of the Texas long-arm statute to demonstrate service was proper under Texas law.  It is Plaintiff's burden to put forward and prove its theory of service.  *In re Katrina Canal Beaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) ("Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity.").

---

[2]  *See also Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999); *Sang Young Kim v. Frank Mohn A/S,* 909 F. Supp. 474, 479 (S.D. Tex. 1995); *Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046, at *2 (S.D. Tex. July 17, 2015); *Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*, No. 2:18-cv-00412-RWS-RSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019) (analyzing § 17.045(a) and concluding "[b]ecause substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated"); *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012) (same).

3

Plaintiff also makes arguments about the reach of the Texas long-arm statute, that it extends "as far as the federal constitutional requirements of due process will allow," and that to satisfy the constitutional requirements all that is needed is for the method of service to "be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afform them an opportunity to present their objections." (Dkt. No. 24 at pp. 6-7). But that is the wrong inquiry. That pertains to boundaries for the exercise of personal jurisdiction, and not to how—the procedure by which—a court may come about to exercise personal jurisdiction in the first place. "The procedural requirement of service of summons," is a distinct inquiry. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). As to the procedural requirement of the Texas long-arm statute, the requirement is that notice of service must be mailed to a non-resident at their principal place of business. Tex. Civ. Prac. & Rem. Code Ann. §17.045.

### III. Plaintiff's Purported Service Is Also Invalid Because It Is Inconsistent with the Express Language of the Federal Rules of Civil Procedure

Plaintiff agrees that Rule 4(h) governs here. Under that Rule, the methods of service under Rule 4(f) are only available if service is being made "at a place ***not within*** any judicial district of the United States." Fed. R. Civ. P. 4(h)(2). In contrast, when service is attempted "***in*** a judicial district of the United States," as Plaintiff has attempted through Defendant's former U.S. counsel and TP-Link USA, the plain language of Rule 4(h) instructs that service is to be effected "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in

4

turn, requires "following *state law* for serving a summons in an action." As analyzed above, the Texas long-arm statute requires mailing of documents abroad, triggering the Hague.[3]

Thus, by the plain language in these Rules, there is no path from Rule 4(h) to Plaintiff's use of Rule 4(f)(3) for service *within* the U.S.  Plaintiff leap from Rule 4(h) to Rule 4(f)(3) reads out the express geographic limitations in the language of Rule 4(h)(1) ("*in* a judicial district in the United States"), Rule 4(h)(2) ("at a place *not within* any district of the United States"), and Rule 4(e) ("*in* a judicial district of the United States").  It further reads out the geographic limitation in the language of Rule 4(f) itself, which pertains to service "at a place *not within* any judicial district in the United States."

Plaintiff does not address even one of the many cases in Defendant's Motion that have held that the geographic restrictions in the Rules have meaning—e.g., that "the plain language of Rule 4(f)(3) limits the Rule to service made outside of the United States." *In re Auto. Parts Antitrust Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017).[4] Rather than address the cases relied upon by Defendant, Plaintiff points to *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294-95 (10th Cir. 2020).  But the Tenth Circuit in *Compañía* addressed the geographic restrictions of Rule 4(f) only and did not analyze the geographic restrictions of Rule 4(e) and Rule 4(h), which, as the Plaintiff agrees, is the starting point for the analysis here.  As such, the Tenth Circuit's analysis does not reach the issues raised by Defendant.[5]

---

[3] Rule 4(h)(1)(B) also requires "mailing a copy of [the summons and complaint] to the defendant," triggering the Hague.

[4] *See also Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020); *Drew Techs.*, 2013 WL 6797175 at *3; *Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29, 2017); *Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d 134, 137-39 (D.D.C. 2015).

[5] The collected cases referenced in *Compañía* are also distinct from the facts and circumstances here.

In contrast, this District has interpreted the geographic language of the Rules to carry their plain meaning. *Alternative Deliver Sols.* is illustrative. There, the court explained that plaintiff's attempted service upon the foreign defendant through the Texas Secretary of State was "within a judicial district of the United States," under Rules 4(h)(1) and 4(e)(1), in contrast to "service in a place not within" the U.S. as provided by Rule 4(f), and analyzed the attempted service accordingly. 2005 WL 1862631 at *2. The court in *Charles v. Sanchez* similarly distinguished between "service in a place *not* within the judicial district of the United States" per Rule 4(f) and service "*within* a judicial district of the United States" per Rule 4(e). No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *3–4 (W.D. Tex. Aug. 5, 2013) (Guaderrama, J.).

### IV. Plaintiff Remains Silent on why the Court's Intervention was Necessary Here

Plaintiff confirms that it relies on the Court's discretion, which it invoked via Rule 4(f)(3). Even if we assume for sake of argument that Rule 4(f)(3) is applicable, Plaintiff has never provided any justification for the Court to intervene to allow deviation from the required Hague procedures. Plaintiff cannot deny its arguments have been directed to permissibility, rather than necessity. And Plaintiff does not deny that its motion for reconsideration of the Court's original Order denying alternative service did not set forth any error that the Court committed requiring correction, or any new facts.

Plaintiff's *ex parte* motions seeking the Court's discretion—without providing any justification for a necessity to bypass the Hague procedures and without making any attempt at service through the Hague—are the very type of behavior that this District warned against when it explained that a "threshold requirement" for use of Rule 4(f)(3) "is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. EP-10-CV-364-DB, 2011 WL 13238336, at *2 (W.D. Tex. Mar. 3, 2011) (Briones, J); *see also Compass Bank v.*

6

*Katz*, 287 F.R.D. 392, 395 n.4 (S.D. Tex. 2012) ("[A] plaintiff should never seek alternative service under Rule 4(f)(3) merely to expedite the process and avoid additional costs of service. Rather, a plaintiff must demonstrate why the facts and circumstances of the present case necessitate [ ] the district court's intervention.").

"The general legal proposition is that, as always, when a party asks a court to exercise its authority, the party must make some showing that the exercise of that authority is necessary." *Convergen Energy*, 2020 WL 4038353, at *4. Justification for the Court's exercise of discretion is particularly important in the context of service on foreign defendants because "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant."[6] There was (and still is) no justification for Plaintiff to bypass the Hague, and thus no basis for Plaintiff to have asked the Court to intervene. When the Court denied Plaintiff's original motion for alternative service (November 12, 2020 Text Order), that was the correct decision, and there was no cause for Plaintiff to ask the Court to reconsider.

Indeed, Plaintiff's immediate request to the Court at the start of this case—without making any effort on service—is exemplary of a plaintiff "whimsically seeking alternate means of service." *Buffer*, 2011 WL 13238336, at *2. Another court found a similar lack of effort "deeply concerning." *AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-CV-00517-JRG, 2018 WL 4053897, at *3 (E.D. Tex. July 20, 2018). Even in the cases Plaintiff relies in opposing this motion, the plaintiffs were not so quick to turn to Rule 4(f)(3) like Plaintiff did here:[7]

---

[6] *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020) (*quoting Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

[7] The cases also do not reach all the issues being litigated in this motion, such as the applicability of Texas state law on the service of process.

- *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, at *1, 4 (E.D. La. Nov. 9, 2015) (motion for alternative service made after failed Hague attempts, and where the "lawsuit has been going on for over five years" and defendants had "entered their appearance" and had been "heavily engaged")

- *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (motion for alternative service made because inability to serve an elusive defendant striving to evade service of process; court held that plaintiff had to demonstrate "facts and circumstances" that "necessitated the district court's intervention"; case involved non-Hague signatory

- *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) (motion for alternative service made because Russia "unilaterally suspended all judicial cooperation with the United States in civil and commercial matters" and therefore Hague procedures not available and after wholly-owned USA subsidiary had been served and appeared in case)

- *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261-ADA, ECF No. 13 (W.D. Tex. May 29, 2019) (motion for alternative service made where "service pursuant to Hague Convention procedures impracticable in this case because Taiwan is not a signatory to the Hague Convention[.]" Defendant's wholly-owned USA subsidiary had been served and appeared in case; defendant had been communicating with plaintiff's counsel about the dispute before the lawsuit filed, with defendant's US counsel being copied)

- *See Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *1-2 (W.D. Tex. June 17, 2020) (motion for alternative service made six months after filing complaint, after failed attempt at Hague service, and after wholly-owned U.S. subsidiary served and appeared)

- *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014) (Smith, J.) (motion for alternative service made six months after complaint and after wholly-owned U.S. subsidiary served and appeared)

- *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562-63 (C.D. Cal. 2012) (motion for alternative service to serve individuals made seven months after filing complaint, where Chinese company that individuals were connected to had already been served and appeared)

- *Compania de Inversiones Mercantiles*, 970 F.3d at 1280, 94-95 (motion for alternative service made more than two years after filing complaint and after Hague Convention service failed because "the Mexican central authority did not or would not serve")

V.    **Plaintiff Also Failed To Meet Texas Requirements in Trying to Effect Service on Former Counsel and TP-Link USA**

Even assuming for the sake of argument that the Hague procedures do not apply here, Plaintiff's alleged service on Foley & Lardner and TP-Link USA is still defective under Texas

8

procedural law. The Texas Rules of Civil Procedure do not permit service of process on an ***unauthorized*** U.S. attorney. Service can only be made on a "***duly authorized***" attorney:

> **RULE 119. ACCEPTANCE OF SERVICE**
> The defendant may accept service of process, or waive the issuance or service thereof by a written memorandum signed by him, ***or by his duly authorized agent or attorney***, after suit is brought….

Tex. R. Civ. P. 119 (emphasis added); *see also, H. L. McRae Co. v. Hooker Constr. Co.*, 579 S.W.2d 62, 64 (Tex. Civ. App. 1979).

The Federal Rules of Civil Procedure echo this Texas requirement. "[S]ervice of process is not effectual on an attorney solely by reason of his capacity as attorney. Rule 4(d)(1) allows service on an agent only if 'authorized by appointment or by law to receive service of process.'" *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir. 1971); *see also Sikhs for Justice v. Badal*, 736 F.3d 743, 748 (7th Cir. 2013) ("If handing service papers to a lawyer counted as serving them on his client, a suit could never be dismissed for lack of service—as soon as the defendant's lawyer filed the motion to dismiss for want of service the plaintiff would serve the lawyer."). Here, Foley & Lardner submitted to the Court a formal "Notice of Non-Representation." (Dkt. No. 13 at p. 2). Thus, Plaintiff's attempted service on Foley fails because it has not satisfied the Texas state law rules on service of process.[8]

Plaintiff devotes several pages of its Response to the notion that TP-Link China and Foley & Lardner's inclusion of a privilege objection in their respective discovery responses somehow results in a legal authorization to serve a third party U.S. lawyer in this action via

---

[8] Plaintiff's reliance on the *Terrestrial* case is misplaced. There, the parties did not address the applicability of the Texas Rules of Civil Procedure, including Rule 119.

9

email.[9] Plaintiff provides no authority for such an assertion because there is none.[10] Plaintiff's privilege argument is irrelevant to whether the internal laws of the State of Texas permit service on a U.S. attorney not authorized to accept service.

Plaintiff's alleged service on TP-Link USA fails as well. The rules in Texas make clear that service of process on a corporation must be made via "registered or certified mail, with return receipt requested." Tex. R. Civ. P. 106(a)(2). The return receipt must also bear the addressee's signature. Tex. R. Civ. P. 107(c). In its Response, Plaintiff does not challenge these legal requirements for serving a U.S. company such as TP-Link USA. But Plaintiff's proof of service filing did not include any return receipt, and did not include a signature from anyone at TP-Link USA, let alone those persons required by Texas law. (Dkt. No. 12 at 1). Plaintiff's claim, on page 8 of its Response, that it "effected service" on TP-Link USA is misleading, as its proof of service filing to the Court demonstrates.

## VI. Conclusion

Defendant is "entitled to insist upon" service under the Hague. *AGIS Software Dev.*, 2018 WL 4053897, at *3. Defendant's Motion is not an attempt to create procedural hurdles as Plaintiff argues. Rather, Plaintiff's improper approach to service of process has wide-reaching jurisdictional implications that are legitimate concerns. The Court should either grant dismissal for insufficient service of process, or in the alternative, to quash.

---

[9] Plaintiff's representation in its Response on page 3 that privilege was the "only basis" for objecting to discovery requests is incorrect. (*See* Dkt. No. 22, Exs. B-D).

[10] Indeed, the law is clear that representation is not necessary for privilege to attach. *See In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992) (communications with group of prospective clients with a common interest can be covered by the privilege); *In re Grand Jury Proc. Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991); *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 124 n.1 (3d Cir. 1986) (privilege applies to both retained and prospective counsel). .

Dated:  April 7, 2021							Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
    David M. Hoffman
    Texas Bar No. 24046084
    Fish & Richardson P.C.
    One Congress Plaza, Suite 810
    111 Congress Avenue
    Austin, TX 78701
    Telephone: 512-472-5070
    Facsimile: 512-320-8925

    John T. Johnson (*admitted pro hac vice*)
    Jeffrey C. Mok (*admitted pro hac vice*)
    Fish & Richardson P.C.
    7 Times Square, 20th Floor
    New York, NY 10036
    Telephone: 212-765-5070
    Facsimile: 212-258-2291
    633 West 5th Street, 26th Floor
    Los Angeles, CA 90071

    *Attorneys for Defendant*
    ***TP-LINK TECHNOLOGIES CO., LTD.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2021, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

>/s/ David M. Hoffman
>David M. Hoffman